# Commonwealth, Appellant, *v.* Buffalo & Susquehanna Railroad Company.

*Corporations—Railroads—Taxation—Bonus—Increase of capital stock—Acts of April 4, 1868, P. L. 62, June 4, 1883, P. L. 67, and May 3, 1899, P. L. 189.*

Corporations from which the commonwealth can under the act of May 3, 1899, exact a bonus on capital stock and an increase thereof, are, first, those created after its passage; and, second, those incorporated prior to its passage, but authorized thereafter to increase their capital stock.

Railroad companies organized under the Act of April 4, 1868, P. L. 62, may under the authority of the Act of June 4, 1883, P. L. 67, increase their capital stock up to $150,000 per mile without the payment of any bonus. The Act of June 4, 1883, P. L. 67, is not inconsistent with nor repealed by the act of February 9, 1901.

Where several railroad companies have under the act of June 4, 1883, the right to increase their capital stock in amount up to $150,000 per mile, and such companies are consolidated and merged, the consolidated company has the same right under the Act of May 16, 1861, P. L. 702, and this is the case although the consolidation did not take place until after the passage of the act of May 3, 1899.

Argued June 2, 1903. Appeal, No. 7, May T., 1903, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1902, No. 52, for defendant on case tried by the court without a jury in suit of Commonwealth v. Buffalo & Susquehanna Railroad Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from tax settlement.

WEISS, P. J., found the facts to be as follows:

1. The Buffalo & Susquehanna Railroad Company was incorporated October 7, 1891, under the provisions of the Act of April 4, 1868, P. L. 62, entitled "An act to authorize the formation and regulation of railroad corporations" and its supplements, among which is an act approved June 4, 1883, P. L. 67, entitled "An act supplementary to an act entitled 'An act to authorize the formation and regulation of railroad corporations,' approved the fourth day of April, Anno Domini one thousand eight hundred and sixty-eight amending the provisions to the sixth section of said act, and making the original

amount of stock and increased capital one hundred and fifty thousand dollars per mile, and of stock and bonds three hundred thousand dollars per mile."

2. On April 10, 1901, the corporation defendant increased its capital stock $1,518,000, which with the capital stock of $2,000,000, issued theretofore, viz: prior to the approval of the Act of May 3, 1899, P. L. 189, entitled " An act to provide for the payment of bonus on charters and upon the authorized increase of the capital stock of certain corporations and authorizing corporations to increase their capital stock for corporate purposes," aggregated $3,518,000.

3. A part of the proceeds of the increase of capital stock was applied to the purchase and acquisition of all the capital stock of the Northern Susquehanna Railroad Company, incorporated January 31, 1900, amounting at par to $857,000, upon the amount of which stock the bonus required by the act of May 3, 1899, was paid into the treasury of the commonwealth, viz: $2,856.68 which company with others formed under the act of April 4, 1868, became and was merged into the defendant company.

4. The defendant owns, controls and operates 152.42 miles of railroad, and it has not issued stock equal to $150,000 per mile, nor stock and bonds in excess of the amount of $300,000 per mile, allowed by the act of June 4, 1883, amending the sixth section of the act of April 4, 1868.

5. The fifteenth section of the Act of May 1, 1868, P. L. 108, known as the Revenue Act of 1868, required the payment of a bonus from every company incorporated by or under any general or special law of this state, except railroads, canals, turnpike, . . . and other companies.

The seventh section of the Act of April 18, 1874, P. L. 61, also excepts railroads from the operation of its provisions relating to a bonus, and while the Act of April 29, 1874, P. L. 73, known as the General Corporation Act with its supplement of June 15, 1897, P. L. 155, exacts a bonus from companies formed under its provisions, except certain designated companies and associations, not including therein railroads, the original act as well as the act of 1897 amending the 44th section thereof specifies and embraces those " incorporated by or under the provisions of this act or accepting the same."

6. The commonwealth settled an account against the defendant February 13, 1902, wherein it is claimed that the company is debtor to the plaintiff for bonus on an increase of capital stock April 11, 1901, in the amount of $1,518,000, viz: $5,060 from which the company appealed and filed specifications of objection which raise the issue to be determined.

The court entered judgment for defendant. Commonwealth appealed.

*Error assigned* was the judgment of the court.

*Frederic W. Fleitz,* deputy attorney general, with him *Hampton L. Carson,* attorney general, for appellant.—Statutes for the consolidation of corporations are deemed to be acts of incorporation : People v. N. Y., etc., R. R. Co., 129 N. Y. 474; Philadelphia & Erie R. R. Co. v. Catawissa R. R. Co., 53 Pa. 20, 57.

The Buffalo & Susquehanna Railroad Company is, then, a corporation created under the laws of this state, and having increased its capital stock since the passage of the act of 1899, comes within the very words of this act.

With respect to the increase of capital stock and payment of bonus, what was the contract entered into by the state with the defendant corporation ? When incorporated the defendant was entitled, under the act of 1868, to increase its capital stock to an amount not in excess of $60,000 per mile. The act of 1883 increased the amount to $150,000 per mile. No bonus was required. This, then, was the original contract, and in this contract no bonus was required. But the acts of 1899 and 1901 removed such limitation on the amount of the increase, provided an easy and convenient method of increasing its capital stock, and conferred upon such company great and valuable additional powers in the right to increase its capital stock to the extent required or necessary to carry on its corporate purposes. This is no impairment but an enlargement of the contract and corporate powers in favor of the said corporation, and the state says that for such additional advantages the corporation shall pay a bonus or price. The act of 1883 and other inconsistent acts are repealed by the acts of 1899 and 1901 : Ahl v. Rhoads, 84 Pa. 319; Gloninger v. Pittsburg, etc., R. R. Co., 139 Pa. 13.

*M. E. Olmsted*, with him *A. C. Stamm*, for appellee.

. OPINION BY MR. JUSTICE BROWN, October 12, 1903 :

The Buffalo & Susquehanna Railroad Company was incorporated October 7, 1891, under the Act of April 4, 1868, P. L. 62. Several other companies, incorporated under the same act, became merged with it, the corporate title after the mergers continuing to be the Buffalo & Susquehanna Railroad Company. The capital stock of the company was increased from $2,000,000 to $3,518,000, and the claim of the commonwealth is for a bonus of one third of one per cent on the increase of $1,518,000. It is made under the Act of May 3, 1899, P. L. 189, which provides : " That all corporations hereafter created under any general or special law of this commonwealth, except building and loan associations, and excepting all corporations named in the first class of section two of an act entitled ' An act to provide for the incorporation and regulation of certain corporations,' approved the twenty-ninth day of April, Anno Domini one thousand eight hundred and seventy-four, shall pay to the state treasurer, for the use of the commonwealth, a bonus of one third of one per centum upon the amount of the capital stock which said company is authorized to have, and a like bonus on any subsequent authorized increase thereof, and a like bonus shall be paid by all such companies heretofore incorporated upon any increase of their capital stock hereafter authorized." The capital stock of $2,000,000 had been authorized and issued prior to May 3, 1899, and the increase of $1,518,000 was made in February or March, 1901. Corporations from which the commonwealth can, under the act of May 3, 1899, exact a bonus on capital stock and an increase thereof are, first, those created after its passage, and, second, those incorporated prior to its passage, but authorized thereafter to increase their capital stock.

The Buffalo & Susquehanna Railroad Company and some, if not all, of the companies that merged with it, were created prior to the passage of the act of May 3, 1899, and, under the Act of June 4, 1883, P. L. 67, which is a supplement to the act of 1868, the merging companies were authorized to increase their capital stock up to $150,000 per mile without the payment of any bonus. The act of 1868 provides for an increase to

$60,000 per mile, the 6th section being as follows : " Whenever any railroad company created and incorporated under the provisions of this act, shall in the opinion of the directors thereof require an increased amount of capital stock in order to complete and equip their road and carry out the full intent and meaning of their charter, they shall, if authorized by a majority of the stockholders, at a meeting called for that purpose, file with the secretary of the commonwealth a certificate setting forth the amount of such desired increase, and thereafter such company shall be entitled to have such increased capital as is fixed by said certificate : Provided, That the original amount of stock and increased capital shall in no case exceed the sum of sixty thousand dollars per mile." The increase of the capital stock of the appellee did not exceed the sum of $150,000 per mile, and, having been made in pursuance of express authority conferred by the act of 1883, was not one authorized after the passage of the act of 1899.

The commonwealth contends, however, that the authority of the appellee to increase its capital stock is not to be found in the act of 1883, but in the Act of February 9, 1901, P. L. 3, and the increase must, therefore, be regarded as authorized after the passage of the act of 1899. In support of this it is insisted that the act of 1883 was repealed by the act of 1901 as being "inconsistent" with its provisions. The answer to this is, that the acts are not inconsistent, but clearly stand together. By the first, all railroad companies created and incorporated under the provisions of the act of 1868 are given authority to increase their capital stock to the limited amount of $150,000 per mile, without paying any bonus, whenever in the opinion of the directors the increase is required " to complete and equip their road and carry out the full intent and meaning of their charter, " and is " authorized by a majority of the stockholders, at a meeting called for that purpose. " By the later act the capital stock of any corporation can be increased to an unlimited amount whenever the consent of the " persons or bodies corporate holding the larger amount in value " of the stock is obtained in the mode specifically prescribed by the act. Under the first act the increase can be made by corporations of a single class, without the payment of any bonus, when it is not to exceed $150,000 per mile, as it does not in the present case.

Under the second, the increase can be made by corporations of all classes to an unlimited amount, if so determined by the stock· holders in the mode prescribed by the act, but only upon the payment of a bonus, except by building and loan associations and the corporations named in the first clause of section two of the Act of April 29, 1874, P. L. 73.   With authority expressly given to the appellee by the act of 1883 to make the increase up to $150,000 per mile, without the payment of any bonus, passed sixteen years prior to the act of 1899, the claim of the commonwealth, based upon the clause " upon any increase of their capital stock hereafter authorized, " cannot be sustained.   Though the commonwealth alleges on this appeal that the appellee had taken advantage of the acts of 1899 and 1901, and had increased its capital stock in the mode prescribed by the latter, there is nothing in the record to justify such allegation.   On the contrary, it rather appears from the appeal of the appellee from the account settled against it by the commonwealth that the increase of the stock had been made in pursuance of the act of 1883.

Whether the increase was made before or after the last merger of the companies is immaterial, for, whenever that merger took place, the merged companies, as one corporation, possessed " all the rights, privileges and franchises theretofore vested in either of them : "   Act of May 16, 1861, P. L. 702.   The right and privilege of each merging company incorporated prior to the act of 1899 was to increase its capital stock to a limited amount without paying any bonus, and this right and privilege, by the express words of the act of 1861, became the right and privilege of all the combined companies which, though existing as a new corporation, were not a new one, created within the meaning of the act of 1899, even if the last merger did not take place until after its passage.   The rights and franchises of the new corporation, composed of the merged companies, were those which had been conferred upon each of the component companies, and among them was the authority to increase its capital stock up to $150,000 per mile, conferred upon some, if not all, of them years before the passage of the acts of 1899 and 1901.   The other questions raised need not be considered.

Judgment affirmed.