## Commonwealth *v.* Independence Trust Company.

*Taxation—Corporations—Bonus—Increase of capital. stock—Change of rate of bonus—Acts of April 29, 1874, P. L. 73, 107, June 8, 1891, P. L. 223, June 15, 1897, P. L. 155, May 3, 1899, P. L. 189, and February 9, 1901, P. L. 3.*

1. Where a corporation organized in 1889, under the Act of April 29, 1874, P. L. 73, 107, with an authorized capital stock of $1,000,000,

pays a bonus thereon of one-quarter of one per centum as fixed by the act of 1874, such a corporation, if it increases its stock in 1909, will be required to pay a bonus of one-third of one per centum on the increase as provided by the Acts of May 3, 1899, P. L. 189, and February 9, 1901, P. L. 3.

2. There is nothing in the acts providing for the payment of a bonus upon capital stock to require the courts to hold that the rate is in the nature of a continuing contract protected by the constitution, and beyond the power of the legislature to disturb. The legislature may, therefore, increase the rate of the bonus, and make the new rate applicable to the increase of stock of corporations previously chartered.

3. Where a corporation organized in 1889, with a capital of $1,000,000 on which it pays a bonus of one-quarter of one per centum, decreases its capital stock in 1903 to $75,000, and subsequently, in 1909, increases it to $2,000,000, the company will only be required to pay a bonus on the additional capital stock of $1,000,000 which is the amount on which no bonus has been paid, but it will be required to pay on such increase at the rate of one-third of one per centum.

Argued May 22, 1911. Appeals, Nos. 13 and 15, May T., 1911, by plaintiff and defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1909, No. 172, for the Commonwealth on case tried by the court without a jury in suit of Commonwealth v. Independence Trust Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from tax settlement.

From the record it appeared that the defendant was incorporated on July 29, 1889, under the general incorporation act of 1874, with an authorized capital of $1,000,000. On this amount it paid the bonus of one-fourth of one per centum, the rate then established by law. In 1903, it decreased its capital stock to $75,000, but in 1909, increased it again to $2,000,000. It paid into the state treasury the sum of $2,500 being a bonus of one-fourth of one per centum upon the second $1,000,000 of its capital stock, and claimed to be exempt from any further payment of bonus. A tax was, however, settled against

it for bonus at the rate of one-third of one per centum upon $1,925,000. On appeal from the settlement the court in an opinion by KUNKEL, J., entered judgment for the commonwealth for $2,312.50, which was a bonus on $1,925,000 at the rate of one-quarter of one per centum. Both the commonwealth and the trust company appealed.

*Errors assigned* were the findings and judgment of the court.

*Wm. M. Hargest,* assistant deputy attorney general, with him *John C. Bell,* attorney general, for the commonwealth.—It is submitted that this court did not mean to say in the case of Com. v. R. R. Co., 207 Pa. 154, that the word "authorized" in the act of assembly of 1899 applies only to the act which permits the increase of capital stock and not to the acts of the corporation in actually making the increase.

Considered as a contract the charter of defendant requires bonus of one-third of one per centum.

A bonus is not a tax. It is a consideration which the corporation pays for the right conferred by the state upon it to do business: Com. v. Erie & Western Transportation Co., 107 Pa. 112.

The state reserved the right to alter the contract, provided no injustice be done to the corporators. The constitution of Pennsylvania is part of its charter: Oliver v. Lee & Co.'s Bank, 21 N. Y. 9; Iron City Bank v. Pittsburg, 37 Pa. 340; Consolidated Gas Co. v. Mitchell, 1 Dauphin County, 71.

The legislature is the final judge of what is injurious and when: Wagner Free Institute v. Philadelphia, 1 Pa. C. C. Rep. 256; Wagner Free Inst.'s App., 116 Pa. 555; Wagner Free Institute v. Philadelphia, 132 Pa. 612.

*W. S. Snyder* and *M. E. Olmsted,* with them *A. C. Stamm,* for the Independence Trust Company.—Appel-

lant company having paid bonus upon its $2,000,000 of capital stock cannot be compelled to pay on any part thereof a second time: Com. v. Easton Bank, 10 Pa. 442; Com. v. American Machine Co., 2 Dauphin County, 27; Com. v. R. R. Co., 150 Pa. 312.

Appellee company is not subject to provisions of acts of 1897 and 1899: Com. v. R. R. Co., 207 Pa. 154; Com. v. Ry. Co., 207 Pa. 160.

If any act of the legislature does increase the rate of bonus above one-fourth of one per centum it is unconstitutional: Com. v. Transportation Co., 107 Pa. 112.

OPINION BY MR. JUSTICE ELKIN, July 6, 1911:

These are cross appeals from the same judgment and will be disposed of in one opinion. In one case the commonwealth contends that the bonus should have been computed at the rate of one-third of one per centum upon the actual increase of the capital stock, while the learned court below sustained the contention of appellee by holding that the bonus rate applicable under the facts presented is one-fourth of one per centum. A brief reference to the legislation requiring the payment of a bonus to the commonwealth for the privilege of incorporation under our laws, or of increasing capital stock, will be necessary to a proper understanding of the question here involved. The general incorporation Act of April 29, 1874, P. L. 73, provides for the payment of a bonus of one-quarter of one per centum upon the amount of capital stock authorized to be issued, in two equal installments, and a like bonus upon any subsequent increase thereof. The first installment to be paid when the company is incorporated, and the second one year thereafter. It was further provided that no company shall have or exercise any corporate powers until the first installment of bonus is paid, and that letters patent shall not issue until the governor is satisfied that the first installment has been paid to the state treasurer. This remained the law until 1897 when the legislature thought proper to

increase the rate of bonus from one-fourth to one-third of one per centum. The Act of June 15, 1897, P. L. 155, was an amendment to the forty-fourth section of the act of 1874. It not only increased the rate but required the entire bonus to be paid in advance. While in terms it applied to every company incorporated under the act of 1874, with certain exceptions named in the act, some confusion arose in its application because all companies incorporated prior to its approval paid at a different rate and it was contended that the new rate could not be made applicable to old companies, or even to increases in the capital stock of old companies made after the new law became operative. It is true, of course, that all companies incorporated prior to the act of 1897 paid a bonus at the rate of one-fourth of one per centum as fixed by the act of 1874, and when the bonus was paid at the rate then fixed by law the commonwealth had no further claim on this account. But this does not mean that a contract was entered into between the commonwealth and the corporation that the bonus rate should always remain the same and that the legislature could not, if deemed wise or expedient, increase the rate without violating a contractual relation. We see nothing in the law providing for the payment of a bonus upon capital stock to require us to hold that the rate is in the nature of a continuing contract, protected by the constitution, and beyond the power of the legislature to disturb. The rate of bonus to be charged for the privilege of incorporating, or for increasing capital stock, is a legislative question, and the legislature has been attempting to cover every phase of it. In 1899 an act was passed more comprehensive in terms than the former acts and intended to include all corporations, and all increases of capital stock, except such as are specifically exempted. This is an original act and is not in the nature of an amendment to or supplement of any former statute. It applies to corporations hereafter created and to "companies heretofore incorporated upon any increase of their capital stock hereafter

authorized." It seems perfectly plain that the legislature intended to make the provisions of this act broad enough to cover the whole situation. The bonus of one-third of one per centum is to be paid by all corporations created after its passage and by all companies incorporated prior to that time upon such increases of capital stock as shall be subsequently authorized. In the present case the corporation was created prior to the passage of the acts of 1897 and May 3, 1899, P. L. 189, and therefore the bonus on the original capitalization was one-fourth of one per centum and this was paid. It increased its capital stock in 1909 and the question to be determined on this appeal is whether the bonus on the increase shall be paid at the rate of one-fourth or one-third of one per centum.

It is argued for appellee that the act of 1899 does not apply because the increase was not authorized after the passage of the act. In other words, that the legislature authorized the increase by the Act of June 8, 1891, P. L. 223, and that the legislative authorization to increase capital stock determines the rate of bonus to be paid and not the act of the corporators in voting for such increase. This raises an interesting question. The act of 1874 limited the amount of capital stock to be issued by a corporation to $1,000,000. The act of 1891 permitted $10,000,000 to be issued, while the Act of June 13, 1893, P. L. 417, authorized an issuance of $30,000,000. This was followed by the act of 1901 which permitted corporations to have an unlimited amount of capital stock to carry out the corporate purpose. It is now contended that the bonus acts of 1897 and 1899 had reference to this general authorization to increase the capital stock of all corporations. The acts do not say so and such a construction would do violence to their spirit and purpose. These are revenue acts and should be construed so as to effectuate the purpose of their enactment. Their provisions should not be frittered away by technical refinements not intended to be controlling in the administration of revenue laws. The acts of 1874, 1891, 1893 and

1901, fixing limitations upon the amount of capital stock to be issued, are of general application and relate to all corporations. These acts prescribe the limits within which corporations may issue capital stock. The amount of capital stock to be issued by a corporation within these limits depends upon the act of the corporators. The corporators determine whether the capital stock shall be $1,000,000, or $2,000,000, or $30,000,000, and when they do so determine, the bonus is computed on this basis. If there be any doubt about this being the proper interpretation of the acts of 1897 and 1899, the legislature made clear its intention in the third section of the Act of February 9, 1901, P. L. 3. It is there expressly provided as follows: "Upon the actual increase of the capital stock or indebtedness of such corporation, made pursuant thereto, it shall be the duty of the president or treasurer of such corporation, within thirty days thereafter, to make return to the secretary of the commonwealth, under oath, of the amount of such actual increase made, and concurrently therewith such corporation shall pay to the state treasurer for the use of the commonwealth, such bonus on the actual increase shown by said return as shall then be prescribed by law." Here then is the clear expression of the legislative intention that the bonus shall be charged upon the amount of increase fixed by the corporators and at the rate in force when the increase is actually made. This is the law as the legislature has written it and we are bound by it. But it is argued that Com. v. R. R. Co., 207 Pa. 154, is authority for a different rule. The facts of that case differentiate it from the case at bar. It was there held that the railroad company had the authority under its charter to increase its capital stock to $150,000 per mile without the payment of any bonus and that the act of 1901 had no application to the facts of that particular case. In the present case it is not even contended that appellee had authority under its charter to increase its capital stock without paying a bonus. It is conceded that a bonus must be paid on the

increase and the only question is as to the rate. Clearly under the act of 1901 the rate is one-third of one per centum and the amount is the actual increase shown by the return of the president or treasurer of the corporation after the corporate election authorizing the same.

In the other case the appellant company contends that the actual increase of capital stock upon which the bonus is to be paid is $1,000,000, while the commonwealth asserts it is $1,925,000. The company was originally incorporated for $1,000,000 and upon this amount the bonus was fully paid. Subsequently the capital stock was either decreased or withdrawn so that only $75,000 remained outstanding. At a still later date there was a reorganization and the capital stock was increased to $2,000,000. As the situation stands the commonwealth has received a bonus on $1,000,000, and if now permitted to collect a bonus on an additional $1,925,000, it will then have been paid a bonus on $2,925,000, although in fact the corporation never issued more than $2,000,000 of capital stock. The position of the commonwealth in this respect is technical and entirely ignores the equities of the case. The evident intention of the legislature was to impose a bonus charge upon the amount of capital stock and not to exact more than the total capitalization warrants. When an incorporated company pays a bonus upon the amount of its original capital, and upon any subsequent increases thereof, the requirements of the law have been satisfied. The burden is always on the commonwealth to establish the necessary facts to sustain a claim for taxes or revenue. Upon the record here presented there is a total capitalization of $2,000,000, with a bonus paid on $1,000,000, and we see no occasion either in law or equity to require the payment of a bonus on $2,925,000, which is $925,000 more capital stock than the company ever issued. The record does not give any information as to the steps taken to reduce or increase the amount of capital stock, nor is it necessary for the purposes of this case that it should, but it does show the

amount of stock now authorized to be issued and the amount of the original capital upon which a bonus was paid. The difference is the amount on which no bonus has been paid, or at least the full bonus of one-third of one per centum has not been paid. The company therefore owes the commonwealth what remains unpaid on the additional capital stock of $1,000,000 at the rate of one third of one per centum.

Judgment reversed and record remitted with instructions to modify and enter judgment in favor of the commonwealth in accordance with the views herein expressed.