## Commonwealth v. Budd Wheel Company.

*Taxation—Corporations—Capital stock—Shares without nominal or par value—Bonus—Act of July 12, 1919—Constitutional law—Title of act.*

1. When a corporation issues stock having no nominal or par value, it must pay a bonus of one-third of 1 per cent. upon an assumed value of $100 per share, unless such shares have been converted from a par value to a non-par value basis.

2. The Act of July 12, 1919, P. L. 914, is not unconstitutional because of defective title.

Appeal from tax settlement. C. P. Dauphin Co., Commonwealth Docket, 1926, No. 80.

*Philip S. Moyer,* Deputy Attorney-General, for plaintiff.

*Henry S. Drinker, Jr. (Dickson, Beitler & McCouch* with him), for defendant.

Fox, J., Dec. 31, 1926.—This is an appeal by the defendant from the settlement of an account against it for bonus on stock issued by the defendant, which stock is without any nominal or par value. Agreeably to the provisions of the Act of April 22, 1874, P. L. 109, it has been submitted to us for trial without a jury. The facts have been agreed upon by counsel on both sides and

are contained in a written statement and agreement which has been filed in the case.

## Discussion.

Two questions are presented to us.

The first relates to the measure of the bonus upon each share of stock, either preferred or common, without nominal or par value, and the second is the constitutionality of the act.

The defendant was incorporated on June 23, 1921, and letters-patent issued on June 29, 1921. The act relating to the matter is the Act of July 12, 1919, P. L. 914. It authorizes stock corporations to make provision, upon formation, reorganization, merger or consolidation, for the issuance of either preferred or common shares without either nominal or par value; regulating the same and such corporations; and prescribes the method of determining the number of shares and the capital of corporations issuing shares in such manner. Section 11 thereof provides: "For the purpose of computing the bonus required to be paid under the laws of this Commonwealth, . . . each share of stock without any nominal or par value under the provisions of this act shall be considered the equivalent of a share having a nominal or par value of $100." This is the only portion of the act that relates to the bonus to be paid upon the issuance of such shares. The formation of the defendant company took place after the passage of this act and it has issued shares of stock without nominal or par value in great numbers. There is in the agreement of facts filed a maze of figures through which one must proceed with difficulty, and we do not deem it necessary to set them forth here. It is sufficient to say that the contention of the Commonwealth is that the defendant is liable for a tax at the rate of one-third of 1 per cent. upon $10,290,800, computed on the basis of the equivalent of a share having nominal or par value of $100. The contention of the defendant is that it is liable only on the basis of one-third of 1 per cent. on the money, property or services it actually received for such stock when issued. It is admitted that the defendant has paid as bonus $33,190. It is contended by the defendant that this amounts to the payment of a bonus on $9,957,000; that its stated capital amounts to but $4,232,272.61, and that it is not liable for the payment of any further bonus until its "stated capital" exceeds the sum of $9,957,000. The balance claimed by the Commonwealth in its settlement is $1112.67.

This act authorizes the issuance by corporations of the Commonwealth of a new kind of stock. Prior to the act, there was here no authority for the issuance of stock with no nominal or par value. It gives to stock corporations a new privilege, and for this privilege it charges a bonus on each share of stock so issued, to be paid to the Commonwealth; the rule of computation of the bonus laid down is, that each such share shall be considered an equivalent of a share of stock having a nominal or par value of $100. It has long since been held, and continuously to this date, that the bonus charged by the Commonwealth upon an issuance of stock is a consideration for the grant of a privilege or franchise: Com. v. Erie & Western Transportation Co., 107 Pa. 112; and in Com. v. Danville Bessemer Co., 207 Pa. 302, 306, the court said: "What the State is demanding from the appellee is not a tax which it could impose, but a bonus which is a consideration for the grant of a privilege or franchise." The measure of this bonus is for the legislature only. The wisdom of the enactment is for it and not for the courts. In the case of Com. v. Independence Trust Co., 233 Pa. 92, the court, at page 96, said: "It is true, of course, that all companies incorporated prior to the Act of 1897 paid a bonus at the rate of 1 per cent. as fixed by the Act of 1874, and when the bonus was paid

at the rate then fixed by law the Commonwealth had no further claim on this account. But this does not mean that a contract was entered into between the Commonwealth and the corporation that the bonus rate should always remain the same and that the legislature could not, if deemed wise or expedient, increase the rate without violating a contractual relation. We see nothing in the law providing for the payment of a bonus upon capital stock to require us to hold that the rate is in the nature of a continuing contract, protected by the Constitution and beyond the power of the legislature to disturb. The rate of bonus to be charged for the privilege of incorporating, or for increasing capital stock, is a legislative question, and the legislature has been attempting to cover every phase of it." And further along, after considering the Acts of April 29, 1874, P. L. 73, June 15, 1897, P. L. 155, May 3, 1899, P. L. 189, and Feb. 9, 1901, P. L. 3, he says: "These are revenue acts and should be construed so as to effectuate the purpose of their enactment. Their provisions should not be frittered away by technical refinements not intended to be controlling in the administration of revenue laws."

We cannot agree with the appellant in that the basis of the bonus to be paid is the "stated capital," in face of the plain language of that part of section 11 which we have heretofore quoted. Section 11 contains four other paragraphs which set forth the various methods in which "stated capital" shall be considered, and not one of them relates to the subject of the measure of the bonus to be paid for the issuance of the stock. We think the law as laid down in this act in respect to the measure of bonus in such a case as this is clear and unequivocal, and as Mr. Justice Elkin said in the case of Com. v. Independence Trust Co., 233 Pa. 92, 98: "This is the law as the legislature has written it and we are bound by it."

A recent case upon this subject is that of Roberts & Schaefer Co. v. Emmerson, 271 U. S. 50. In this case the appellant was a corporation incorporated under the laws of the State of Illinois, and, doing business in that state, had issued stock without nominal or par value. The Corporation Act of that state by section 105 provided that every corporation for profit organized under the laws of this state, etc., should pay an annual license fee or franchise tax of 5 cents on each $100 of the proportion of its capital stock, authorized by its charter, which act was amended in 1923 by the addition of this sentence: "In the event that the corporation has stock of no par value, its shares, for the purpose of fixing such fee, shall be considered of the par value of $100 per share." The tax was claimed by the state and payment resisted by the corporation. The Supreme Court of Illinois rendered judgment against the corporation, from which an appeal was taken to the Supreme Court of the United States and there affirmed. In the appeal, amongst others, the questions of constitutional law and the valuation of no-par value shares were considered. Amongst other things, the court, at page 55, said: "The tax is imposed as a franchise tax upon a domestic corporation doing business only within the state. Its power to issue shares of both classes is derived from the laws of Illinois. The amount which may be issued, the manner of use, the liability of holders of these shares, and all other incidents of them, are regulated by the law of that state. The tax is not a property tax imposed on shares of stock or on the assets of the corporation. It is a tax on the corporate franchise, which includes the privilege, whether exercised or not, of issuing and using, when issued, a particular kind of stock known as 'no-par value stock.' As the stock may, under the statute, be issued for as much as $100 a share, if the company so chooses, the statute fixes the maximum extent to which the privilege may be exercised as the basis for computing the tax.

Commonwealth v. Budd Wheel Company.

"Neither this privilege nor the corresponding privilege of issuing par value stock bears any necessary relation to the value of the stock or the assets of the corporation, and the tax is imposed whether or not the stock is issued and without regard to the value of the stock or of the corporate property. We cannot say that the value of the corporation's franchise may not be measured by the number of no-par shares which may be issued rather than their value when issued. The only question with which we need be concerned is whether there are such differences between the two privileges to issue the two classes of stock as to constitute a proper basis for classification for purposes of taxation, so that the amount of the tax in the one case may be based on the issue price of the stock, and in the other upon the maximum price at which it may be issued, regardless of the price at which it actually is issued.

"That there are differences of practical importance between the two classes of stock and the privileges of issuing and using them is sufficiently evidenced by the very general adoption of legislation authorizing the issue of no-par value stock, and by the widespread practice of issuing that type of corporate shares. . . .

"These differences, both in the legal incidents and the practical uses of the two classes of stock, not only are a basis for classification of them for purposes of taxation, but make unavoidable certain differences in the method of assessing this tax. Authorized capital stock cannot well be used as the measure of a tax unless some arbitrary value is assigned to the no-par shares, for they may be issued from time to time at varying prices, and, until issued, they cannot have any value. To require the stock to be issued at a value fixed in advance of its issue, and to make that value the basis of the tax, would in effect abolish no-par stock. Because of the essential differences between the two kinds of stock, it is difficult to conceive of any other method of assessing the tax which would save the character of no-par value stock and not result in similar inequalities.

"The inequalities complained of result from a classification which, being founded upon real differences, is not unreasonable, and the discrimination which results from it is not arbitrary or prohibited by the 14th Amendment. It is enough that the classification is reasonably founded upon or related to some permissible policy of taxation. . . . The fact that the corporation issued its stock under statutes which were later so interpreted can give rise to no inference that the State contracted not to increase or otherwise modify the tax."

It is conceded by the Commonwealth that, in its claim for bonus under this act, there cannot be included shares of stock of a nominal or par value converted into shares having no nominal or par value, and credit has been given in the amount for which any charge was made for shares so converted in the settlement.

The defendant contends that the act is unconstitutional for the following reasons:

1. That the Acts of 1899 and 1901 are adequate to impose a bonus upon the issue or increase of stock of no par value.

2. The Act of 1919 attempts to impose a bonus on a new theory without notice of the fact in the title.

3. That the act attempts, in violation of article III, section 3, of the Constitution of Pennsylvania, to embody more than one subject.

1. We cannot consider whether the Acts of 1899 and 1901 are adequate to impose a bonus upon the issuance or increase of stock of no par value. The legislature has by a subsequent act expressed the rule, and we cannot take from it or add to it. We are bound by it. The legislature has the right as it

sees fit to change the method of imposing a bonus, and we again call attention to the language quoted above from the opinion of Mr. Justice Elkin in the case of Com. v. Independence Trust Co., 233 Pa. 92.

We shall take up the second and third reasons given by the defendant together.

The title of this act is "An act authorizing stock corporations . . . to make provision, upon formation, reorganization, merger or consolidation for the issue of either or both preferred or common shares without nominal or par value; regulating the same and such corporations, and prescribing the method of determining the number of shares and capital of corporations issuing shares in such manner." We have the words "to make provision for the issue of either or both preferred or common shares without nominal or par value." This in itself is sufficient to call the attention of those who are about to issue such stock to look into the act to see what provision is required. We also have the language, "regulating the same and such corporations."

In the case of Com. ex rel. v. Morgan, 178 Pa. 198, the court, at page 209, in commenting upon the Act of 1874, entitled an act to provide a manner by which the court may divide boroughs into wards, said: "In brief, the general subject expressed in the original title includes the incidental subjects which are obviously connected so closely that the general subject cannot be touched without affecting the others."

In the case of In re Registration of Campbell, a Physician, 197 Pa. 581, the court, at page 585, said: "Secondly, it is urged that the act violates article III, section 3, at least so far as the provision for registration is concerned, because that subject is not mentioned in the title. But it has been uniformly held from Com. v. Green, 58 Pa. 226, down, that the title to an act need not be an index of its contents. The Act of 1893 is entitled, 'An act to establish a Medical Council and three State Boards of Medical Examiners, to define the powers and duties of said Medical Council and said State Boards of Medical Examiners, to provide for the examination and licensing of practitioners of medicine and surgery, to further regulate the practice of medicine and surgery, and to make an appropriation for the Medical Council.' This is certainly not open to criticism for brevity or vagueness. The purpose of the act is indicated in the phrase: 'to regulate the practice of medicine and surgery.' This gives notice to any one desiring to enter the practice that its provisions do or may concern him. Nothing more is required."

The Act of 1874 is entitled an act to provide for the incorporation and regulation of certain corporations. In section 44 it provides for the payment of a bonus on capital stock which it is authorized to issue. The Act of Feb. 9, 1901, P. L. 3, is an act entitled an act to provide for increasing the capital stock and the indebtedness of corporations. In section 3 it is provided for the payment of a bonus to the State, yet nothing is mentioned of a bonus in the title, and this is one of the acts which the appellant says is adequate to impose a bonus. Counsel for defendant is mistaken in his reason two in stating that the Act of 1919 attempts to impose a bonus on a new theory without notice of the fact in the title. The act does not so attempt. It does impose a bonus on a new stock, the right of which to issue is for the first time given to stock corporations.

We think, under these authorities, the language in the title is broad enough to impose a bonus, even though it charges on a new theory without notice of the fact in the title and that the act in no way is a violation of article III, section 3, of the Constitution of Pennsylvania, in that it embodies more than one subject. We cannot see a single section in the act that is not clearly germane

Commonwealth v. Budd Wheel Company.

to the subject expressed in its title, which is: in substance, authority to issue, to make provision for and regulation of, shares of no nominal or par value.

### Conclusions of Law.

We conclude:

1. That the defendant company is liable for a bonus upon each share of stock issued without nominal or par value, except that resulting from a conversion of stock of par value, under the Act of 1919, upon a basis of one-third of 1 per cent. upon the equivalent of a share having a nominal or par value of $100.

2. That the Commonwealth is entitled to judgment in this case as follows:

Bonus at the rate of one-third of 1 per cent. on $10,290,800 . . $34,301.67
Less amount paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33,190.00

                                                                                    $1,112.67
Interest at the rate of 6 per cent. from June 8, 1925, to date . .     103.85
Attorney General's Commission at 5 per cent. on principal
   and interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .       60.83

      Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,277.35

Wherefore, judgment is directed to be entered in favor of the Commonwealth and against the defendant for $1277.35, if exceptions be not filed within the time limited by law.

From Homer L. Kreider, Harrisburg, Pa.