## Reports of Capital Stock Increases

O'HARA, Deputy Attorney General, September 22, 1932. — We have your request to be advised as to the time when a corporation is required to make a

return to the secretary of the Commonwealth of the amount of any increase of its capital stock, and when such corporation must pay the bonus due on such increase.

You direct our attention to the report of an audit of the affairs of the Department of State, made in accordance with The Fiscal Code of April 9, 1929, P. L. 343, for the period from June 1, 1929, to December 1, 1931, with particular reference to that section of the report (page 14) relating to "returns on actual increase of capital stock."

The Act of February 9, 1901, P. L. 3, provides the procedure for corporate elections to increase stock. Section three of that act provides that it shall be the duty of such corporations, if consent is given to such increase, to file in the office of the secretary of the Commonwealth, within thirty days after such election, one of the copies of the certificate of the president and secretary of the annual meeting, or one of the copies of the return of such election at the special meeting, with a copy of the resolution calling the same thereto annexed; and thereafter the increase may be made at such time or times as shall be determined by the directors. The other provisions of that section dealing with the return by the president of the actual increase within thirty days to the secretary of the Commonwealth have been reënacted in the Act of April 20, 1927, P.L. 322, Sec. 6.

The Act of 1927 is an act to amend, revise, consolidate, and change the laws relating to bonus. It was subsequently amended by the Act of April 25, 1929, P. L. 671, and supplemented by The Fiscal Code of April 9, 1929, P. L. 343, Secs. 705 (a) and 805 (a).

Section six of the Act of April 20, 1927, P. L. 322, requires the president or treasurer of a corporation whose stockholders have consented to the increase of the capital stock to make a return of the amount of increase actually made, within thirty days thereafter, and concurrently therewith to pay to the secretary of the Commonwealth the bonus due on such increase of capital stock.

Section seven of that act directs that the secretary of the Commonwealth shall not permit the filing in his office of the proceedings for such increase until he is satisfied that the bonus upon such increase of capital stock has been paid. That is to say, the secretary of the Commonwealth may not accept a return by the president or treasurer of a corporation of the actual increase of its capital stock until the bonus upon such increase has been paid.

The Act of April 20, 1927, P. L. 322, and its amendments, are revenue acts: Com. v. Independence Trust Co., 233 Pa. 92 (1911). They should be construed so as to effectuate the purpose of their enactment: that is, to raise revenue whenever any corporation avails itself of its lawful right to increase its capital.

The Act of April 20, 1927, P. L. 322, as originally enacted, and as amended by the Act of April 25, 1929, P. L. 671, permits the directors of a corporation which has, by a corporate election, authorized an increase of its capital stock, to carry such authorization into effect at such time or times as shall be determined by the directors. It follows, therefore, that after the return of an election to increase its capital stock has been filed by a corporation with the secretary of the Commonwealth, there is no certainty when the corporation will avail itself of its license to make the increase in fact by the issuance of its stock.

The transactions to which your attention has been directed by the report of an audit of the affairs of your department indicate that some corporations withheld a return or returns of partial increases of capital stock authorized until the full amount of the capital increase authorized at the corporate election had been made in fact. They paid the bonus due to the Commonwealth concur-

rently with such return. This practice is in violation of the statutes noted above.

While the provisions of the applicable statutes to which we have referred make it possible for a corporation to authorize an increase of its capital stock without the necessity of availing itself presently of its authority to issue stock to the full amount of the increase authorized or obligating it to pay presently the bonus assessable upon the full amount of the increase authorized to the secretary of the Commonwealth, they at the same time require the corporation to file a return on any increase less than the amount authorized by the corporate election within thirty days after the "actual increase," and concurrently to pay the bonus. The uncertainty as to the time when a return of any increase shall be made and the bonus thereon shall be paid, which would otherwise exist by reason of the open authorization to the board of directors to determine the time when an actual increase shall be made in its capital stock, is eliminated by this requirement.

The legislature, by the use of the word "actual," in the statutes, has made manifest its intention to distinguish between the corporation's license to increase its capital stock and the exercise by the corporation of its power under such license to issue the additional capital stock so authorized.

If the legislature intended to require but one return to be made, and that return to be filed within thirty days after the capital had been increased to the full amount authorized at the corporate election, then there would be no reason for the provision that the return made to the secretary of the Commonwealth shall show the amount of increase actually made.

A partial increase of its capital by a corporation adds to its capital funds and is, therefore, an increase of its capital in fact. If we adopted an interpretation which permitted a corporation to wait until its capital stock had been increased to the full amount authorized at the corporate election, then it would not need to make a return unless the total amount of increase should actually be made. Such construction would be equivalent to saying that a corporation having authority to increase its capital to $3,000,000, which exercises its license only to the extent of an increase to $2,000,000, need not file a return and concurrently therewith pay to the state treasurer a bonus on $2,000,000. Such construction is not warranted by the language of the applicable statutes. If we adopted it, we would do violence not only to the language of the statutes but also to the purpose for which they were enacted.

On the other hand, the language of the Act of April 20, 1927, P. L. 322, does not permit us to conclude that the legislature intended to require the corporation to pay the bonus on any increase of capital stock concurrently with the filing of the return of the corporate election. If that were the intendment of section seven of the act, there could be no reason for requiring the additional return of the "actual" increase of capital stock and directing that payment of the bonus should be made concurrently with the latter return, as is provided in section six of the Act of April 20, 1927, P. L. 322, and sections 705 (a) and 805 (a) of The Fiscal Code of April 9, 1929, P. L. 343.

Therefore, you are advised that a corporation which authorized an increase of its capital stock by a corporate election, and which made a partial increase within the amount authorized, should have made a return to the secretary of the Commonwealth of the amount of each increase, whether such amount was less than the full amount, or the full amount authorized, within thirty days after the increase was made. It was likewise required to pay to the Commonwealth bonus assessable on such increase within a like period of time.

134

The provisions of the Act of February 9, 1901, P. L. 3, in this respect are the same as those of the Act of April 20, 1927, P. L. 322. Consequently all increases of capital stock made between 1901 and 1927 were subject to the same requirement as to return of such increases and as to payment of bonus as has been in effect since the enactment of the Act of 1927.

From C. P. Addams, Harrisburg, Pa.