CASE 103—ACTION BY COMMONWEALTH AGAINST THE LICKING VALLEY BUILDING ASSOCIATION, TO RECOVER AN ORGANIZATION TAX.—OCTOBER 19.

# Commonwealth v. Licking Valley Building Association, No. 3.

APPEAL FROM CAMPBELL CIRCUIT COURT—JOHN T. HODGE, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

CORPORATIONS—ORGANIZATION TAX—ACTION TO RECOVER—PLEADING —REINCORPORATION.

1. Under Ky. St. 1903, sec. 566, providing that no corporation, organized under the chapter of which the section is a part shall be permitted to set up a want of legal organization as a defense to any action against it, the petition, in an action under Ky. St. 1903, sec. 4225, to recover the organization tax authorized by that section, need not allege facts showing that the organization of the corporation complied with the requirements of the statute; a simple allegation that it is a corporation being sufficient.
2. Under Ky. St. 1903, sec. 4225, providing that every corporation having a capital stock divided into shares shall pay a tax of one-tenth of 1 per cent. upon the amount of capital stock upon the incorporation of the company, and shall not have or exercise any corporate powers until the tax is paid and section 566, providing that no corporation shall be permitted to set up a want of legal organization as a defense to any action against it, a corporation can not, in an action by the State to recover the organization tax, defend on the ground that its failure to pay the tax rendered its organization incomplete and illegal, so that it was not liable for the tax.
3. While an exhibit will not make a bad pleading good, yet an ex-

792                KENTUCKY REPORTS.                [Vol. 118

Commonwealth v. Licking Valley Bldg. Ass'n., No. 3.

hibit will be considered by the court against the pleader, when it is filed by him.

4. Ky. St. 1903, sec. 4225, provides that every corporation which shall be incorporated shall pay a tax of one tenth of one per cent. upon the amount of capital stock. Section 554 provides that any corporation existing under the laws of the State may organize under the provisions of the charter of which section 554 is a part, by executing and recording articles of incorporation. A building and loan association, the existence of which ceased by its charter in 1911, was reincorporated to exist for twenty-five years from 1897; the articles of incorporation also making changes as to the amount of indebtedness which could be incurred and securing rights and privileges conferred upon building associations organized under the statute under which the reorganization was made. HELD, that a new corporation was created, which became liable for the organization tax.

5. Under Ky. St. 1903, sec. 4225, requiring every corporation to pay an organization tax of one-tenth of one per cent. of its capital stock, a building and loan association is liable to the tax.

JAMES M. GUTHRIE, ATTORNEY FOR APPELLANT.

We submit that when this corporation reorganized in 1897, it gained a new lease on life for thirty-five years and thereby became a new organization and it would not be on an equal footing with a similar corporation which had become incorporated on the 19th of April, 1897, unless it had complied with all the laws under which it was incorporated, including the payment of an organization tax.

AUTHORITIES.

Ky. Statutes, secs. 554, 4225, 570, 559, 574; Senn v. Levy, 23 R., 664; People v. James, App. Div., N. Y., 412; Ashley v. Ryan, 49 Ohio, St. Rep., 504.

LEWIS REUSCHER, ATTORNEY FOR APPELLANT.

1. Appellee contends that this court can not compare the old articles of incorporation with the new, that said articles and amended articles were not made a part of the amended answer. To make any paper or other thing a part of a record it must be specifically stated and marked as an exhibit. Abbott's Trial Brief, Pleadings, Demurrer, vol. 1, 2d. Ed., pp. 458, 459, 460.

(a) Annexing is not enough. Scott v. Union Company, 63 Iowa, 583; 19th N. W., 667; Harrison v. Vreeland, 38 N. J. L., 366; Brown v. Warden, 44 N. J. L., 177.

(b) Filing is not enough. Caton v. Willis, 40 N. C., 335.

(c) Filing does not make an exhibit upon which the action is not founded a part of the pleading, and a sufficiency of opinion must be determined without reference to it. Marley v. Nat. B. L. & S. Ass., No. 2, 28 Ind. App., 369 (62 N. E. 1023.)

(d) Exhibits filed with a petition but forming no part thereof will not be considered in determining its sufficiency on demurrer. Pomeroy v. Fullerton, 113 Mo., 440 (21 S. W., 19.)

(e) The exhibits filed along with a petition constitute no part thereof and can neither aid nor destroy it.   Merrill v. Central Trust Co., 46 Mo. App., 236.

(f) Filing and referring to, without expressly adopting as a part of the pleading, is not enough. Terry v. Jones, 44 Miss., 540.

2. Appellee contends that there is nothing in the record that shows that this company ever accepted the new Constitution or ever abandoned its old charter. It did not have to show anything until appellee makes out a good cause of action, which it has failed to do.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On August 5, 1902, the Commonwealth filed this petition ordinary in the Campbell circuit court against the Licking Valley Building Association No. 3, to recover of it the organization tax of one-tenth of 1 per cent. on each $100 of the capital stock of the company, alleging that the association is a corporation created under the laws of this State; that its principal place of business is in the city of Newport, Campbell county; that it has an authorized capital stock of $1,000,000, divided into 1,500 shares of $500 each, and 1,000 half shares of $250 each; that it has failed and refused to pay into the State treasury one-tenth of 1 per cent. of the amount of the capital stock which it was authorized to have; and that this was due to the State upon the filing of its articles of incorporation on April 19, 1897. Judgment was prayed against the defendant for $1,000, and also for a penalty of 20 per cent. thereon, and costs. The defendant demurred to the petition, and its demurrer was overruled. It thereupon filed

794          KENTUCKY REPORTS.          [Vol. 118

Commonwealth v. Licking Valley Bldg. Ass'n., No. 3.

an answer, in which it was pleaded that it was organized
on April 12, 1886, and was incorporated under the general
laws of the State on the 3d day of May, 1886, under chap-
ter 56 of the General Statutes, by filing its articles of incor-
poration in the Campbell county clerk's office, and that on
April 19, 1897, it filed amended articles in the Campbell
county clerk's office in accordance with the provisions of
chapter 32, Kentucky Statutes. It relied upon its incorpora-
tion prior to the adoption of the present Constitution in bar
of the action. On motion the defendant was required to
make its answer more definite and certain, and on May 2,
1903, the defendant filed an amended answer in which it
alleged that its articles of incorporation were filed in the
Campbell county clerk's office on May 3, 1886; that the pur-
pose of the organization was to enable the members to ac-
quire in an easy manner by weekly installments capital for
the building and purchase of houses; that on April 19, 1897,
amended articles of incorporation were filed in the Campbell
county clerk's office, the sole purpose of which was to con-
form to the new law governing building associations under
the new Constitution. Then are these words: "The fol-
lowing are the said articles of incorporation and amended
articles herein referred to."

The original articles of incorporation and the amended
articles were filed with the pleading. By the original ar-
ticles the association was formed with a capital stock not
to exceed $1,000,000, or 2,000 shares of the par value of $500
each. The association commenced business on May 3, 1886,
and endured for twenty-five years, terminating on May 3,
1911. It could not incur an indebtedness exceeding $25,000.
By the amended articles of incorporation it is stipulated
that the Licking Valley Building Association No. 3, of New-
port, Campbell county, Ky., a corporation created by and

Vol. 118]    SEPTEMBER TERM, 1904.    795

Commonwealth v. Licking Valley Bldg. Ass'n., No. 3.

existing under the laws of the State of Kentcky, desirous
to reincorporate and organize under the provisions of chap-
ter 32, Kentucky Statutes, as authorized by section 554
thereof, now for that purpose certain persons named, now
acting as such association, be, and are hereby, created a
body corporate and politic under and by virtue of the laws
of the State of Kentucky.  The name of the corporation shall
be the same as the old corporation, and under that name
shall have perpetual succession, and power, among other
things, to mortgage its real or personal property, and exer-
cise, subject to law, such powers as may be necessary for
the conduct of the business for which it was organized.  The
business of the new corporation is substantially the same as
the old corporation.  The capital stock shall not exceed $1,-
000,000, or 1,500 shares of the par value of $500 each, and
1,000 half shares of the value of $250 each.  The stockhold-
ers of the old corporation constitute the stockholders of
the new corporation, without transfer upon the books of the
company, and without any initiation fee succeed to all the
rights and privileges of the new corporation as in the old.
All business and property of the old corporation is vested in
the new without the transfer of the property, subject to all
the liabilities of the old corporation.  The highest amount
of liability or indebtedness which the corporation may at
any time incur shall be 20 per cent. of its paid-up capital.
It is also stipulated that the new corporation shall commence
business on May 3, 1897, and continue for a period of
twenty-five years, unless sooner dissolved, and may renew
a like term from time to time.

The plaintiff demurred to the answer.  The court over-
ruled the demurrer, and, the plaintiff declining to plead
further, its petition was dismissed.

The suit was filed under section 4225, Kentucky Statutes,

796 KENTUCKY REPORTS. [Vol. 118

Commonwealth v. Licking Valley Bldg. Ass'n., No. 3.

1903, which is as follows: "Every corporation which may be incorporated by or under the laws of this State, having a capital stock divided into shares, shall pay into the State treasury one-tenth of one per centum upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable upon the incorporation of the company and on the increase of the capital thereof, and no such corporation shall have or exercise any corporate powers until the tax shall have been paid; and upon payment, they shall file a statement thereof with the Secretary of State."

Section 542, Kentucky Statutes, 1903, regulating private corporations, is as follows: "When the articles are filed and recorded as provided, and the license tax imposed is paid to the State, the corporation shall be deemed to be organized for the purpose of transacting, promoting or carrying on the business or purpose for which it was created; and shall thereupon become a body corporate, and be known by its corporate name, and as such may adopt and use a corporate seal, and shall have power to sue and be sued, to contract and be contracted with, to pledge or mortgage its property, real or personal, to secure the fulfillment of its contracts, appoint, remove and elect officers, define their duties, and require from any of them a bond for the faithful discharge of their duties, to prescribe by its board of directors by-laws for the government of the corporation not inconsistent with law, and to exercise, subject to law, such powers as may be necessary to conduct the business or promote and carry on the objects and purposes for which it was organized."

It is insisted for the appellee that a pleading must be taken most strongly against the pleader, and that appellant has wholly failed to make a sufficient legal showing that appel-

lee was legally organized on April 19, 1897; that it is not alleged where its principal office is located, or the nature of its business, or the time it commenced, or the period it is to continue, or what indebtedness it may incur, or that the articles were signed and acknowledged by the parties, as provided by the statute in section 540. It is also contended that the act passed under the new Constitution providing for the organization tax is not retroactive. It is further insisted that this court can not consider the original or amended articles of incorporation, on the ground that the sufficiency of the pleading must be determined without reference to the exhibits; that the purpose of filing the new articles was simply to conform to the new law governing building associations, and that appellee did not terminate or abandon its corporate existence under the old charter, but merely reorganized for the purpose of conforming to the new law, and therefore is not liable for the organization tax.

In this connection section 554, Kentucky Statutes, 1903, is relied on. That section is as follows: "Any corporation created by, and existing under the laws of this State, may organize under the provisions of this chapter by executing and recording, as provided, articles of incorporation; and when the requirements of this chapter, and other laws relating to it are complied with, it may commence business, and become a corporation under this chapter, and thereupon all business effects, assets and property, real and personal, of such corporation shall be vested in, and become, without deed or transfer, the property of the new corporation, subject to all liabilities existing against the corporation, its officers or stockholders, at the time of reorganization."

Section 566, Kentucky Statutes, 1903, is as follows: "No corporation organized under this chapter shall be permitted to set up or rely upon the want of legal organization as a

**798** KENTUCKY REPORTS. [Vol. 118

Commonwealth v. Licking Valley Bldg. Ass'n., No. 3.

defense to any action against it; nor shall any person transacting business with such corporation or sued for injury done to its property, be permitted to rely upon such want of legal organization as a defense."

It is alleged in the plaintiff's petition that the association is a corporation created under the laws of this State, and that it filed its articles of incorporation on May 19, 1897. The corporation is not permitted to set up the want of legal organization, and therefore it was unnecessary to allege in the petition facts showing that it had complied with the require· ments of the statute. The simple allegation that it is a corporation created under the laws of this State is, under the statute above referred to, sufficient. It is true the act is not retroactive, but it applies to all corporations formed after it took effect, and section 4225, Kentucky Statutes, has been in force since November 11, 1892. Although the corporation could not legally do business until it paid its organization tax it is none the less liable for the organization tax when it proceeds without paying, because it is not allowed to set up, in defense of the suit against it, its own failure to comply with the statute. The original and amended articles of incorporation were filed with the amended answer of the defendant, and, while an exhibit will not make a bad pleading good, an exhibit will be considered by the court against the pleader when it is filed by him. We must therefore construe these articles of incorporation in determining whether the demurrer to the amended answer should have been sustained.

The amended articles of incorporation did more than conform to the new statute. They created a new corporation. The old corporation would have expired on May 19, 1911. The new corporation runs for twenty-five years from April 19, 1897, and may then be renewed for a like term from time

to time.   The highest amount of indebtedness which the old corporation could incur was $25,000.   The new company can issue a capital stock of $1,000,000, and may incur an indebtedness of 20 per cent. of its paid-up capital.   It also enjoys all the rights, privileges, and powers conferred by the new statute upon building associations organized under it. We had this question before us in Senn v. Levy, 111 Ky., 318, 63 S. W., 776, 23 Ky. Law Rep., 662, and according to the principles laid down in that case the old corporation was destroyed and a new one, with new powers and new responsibilities, came into existence.   The reasoning of that case is conclusive of the question.

By section 4225, Kentucky Statutes, 1903, every corporation which may be incorporated under the laws of the State, having a capital stock divided into shares, must pay into the State treasury one-tenth of 1 per cent. upon the amount of the capital stock which the corporation is authorized to have. The fact that the building and loan association does not sell its stock, as other corporations, is immaterial.   By the express terms of the statute it must pay the tax upon the stock which it is authorized to have.   The purpose of the statute is not only to raise revenue, but to prevent stocks being watered, or fictitious stocks being issued or put on the market; and we are not at liberty to make an exception to the statute where it makes none.

Judgment reversed, and cause remanded, with directions to the circuit court to sustain the plaintiff's demurrer to the answer of the defendant, and for further proceedings consistent herewith.