# Bruner, Sec'y of State v. Louisville Packing Co.

(Decided September 21, 1911.)

## Appeal from Franklin Circuit Court.

Corporations—Change of Name and Residence of Capital Stock—
Liability for Incorporation Tax.—Where a corporation pays the
incorporation tax on its original capital stock, and subsequently
by amended articles makes a slight change in its name and re-
duces its capital stock, but no substantial change is made in any
of the powers or rights of the corporation, it is not again liable
for the incorporation tax on its reduced capital provided for in
section 4225, Kentucky Statutes.

JAS. BREATHITT, Attorney General, CHAS. H. MORRIS and
W. R. LYON for Commonwealth.

O'DOHERTY and YONTS for Packing Company.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

Appellee, Louisville Packing Company, was incor-
porated on Novemer 5th, 1906, by articles of incorpora-
tion duly executed and acknowledged. Its capital stock
was fixed at $750,000.00. · Upon this capital the corpora-
tion paid to the State an organization tax of $750.00. On
July 30th, 1910, amended articles of incorporation were
duly executed by the president and directors of the cor-
poration pursuant to the vote of all the stockholders of
the company and by their written consent, and were
lodged for record in the county clerk's office of Jefferson
county, wherein appellee's principal office and place of
business was located, and a certified copy was forwarded
to appellant as Secretary of State, to be recorded in his
office, together with the fee for recording the same. By
the amended articles of incorporation the capital stock
of the company was reduced from $750,000.00 to $350,-
000.00, and the name of the corporation was changed
from Louisville Packing Company to New Louisville
Packing Company. Appellant, as Secretary of State,
declined to record the amended articles until the com-
pany had paid the organization tax of $350.00, that is,
one-tenth of one per cent on their reduced capital.

Appellee brought this action against appellant, as
Secretary of State, for the purpose of obtaining a man-

damus compelling him to file and record the amended
articles of incorporation and to issue to it his receipt
and certificate showing such filing, as required by sec-
tions 540 and 559 of the Kentucky Statutes. Appel-
lant's demurrer to the petition was overruled, and the
mandamus awarded. From that judgment this appeal
is prosecuted.

Section 4225 Ky. Stats., is as follows:

"Every corporation which may be incorporated by
or under the laws of this State, having a capital stock
divided into shares, shall pay into the State Treasury
one-tenth of one per centum upon the amount of capital
stock which such corporation is authorized to have, and a
like tax upon any subsequent increase thereof. Such
tax shall be due and payable on the incorporation of the
company and on the increase of the capital stock there-
of, and no such corporation shall have or exercise any
corporate powers until the tax shall have been paid, and
upon payment it shall file a statement thereof with the
Secretary of State."

This section does not provide that the same corpora-
tion shall pay an incorporation tax a second time, mere-
ly because it reduces its capital stock; it is only when its
capital stock is increased that an additional tax is re-
quired. Counsel for the Commonwealth concede this
proposition, but insist that appellee, by changing its
name from Louisville Packing Company to New Louis-
ville Packing Company has become a new corporation
and is, therefore, liable for the tax in question. It may
be that, where there has been a change in the name of
the corporation. accompanied by a substantial change in
the scope, rights and powers of the corporation, the
amended articles of incorporation have the effect of
creating a new corporation. Commonwealth v. Licking
Valley Building Association, 118 Ky. 791. No such case
is here presented. No new rights or powers were con-
ferred by the amended articles. The change in the
name, itself, was slight. It was authorized and made
in the manner pointed out by the statute. No new cor-
poration was created. It is simply a case where the old
corporation is continued under a slightly-changed name,
for exactly the same length of time, and with precisely
the same rights and powers as were provided in the
original articles of incorporation. Being the same cor-

poration and having paid the tax once, and there being nothing in the statute requiring that it be paid the second time, it follows that the judgment of the lower court was proper.

Judgment affirmed.