## Crecelius, Secretary of State v. Carrollton Savings & Loan Association.

(Decided January 19, 1916.)

### Appeal from Franklin Circuit Court.

1.  Corporations—Payment of Incorporation Fees and Taxes.—Section 4225, Kentucky Statutes, was not intended to be retroactive

and hence imposes an organization tax upon corporations, only, organized since its enactment, and upon the increase of the capital stock of the corporation to the extent of the increase, where the increase has been made since the adoption of that statute.

2. Corporations—Payment of Incorporation Fees and Taxes.—An acceptance of the provisions of the present constitution by a corporation, which was organized before its adoption, does not render the corporation liable for the organization tax provided for by Section 4225, Kentucky Statutes.

3. Corporations—Amendment—Payment of Incorporation Fees and Taxes.—If a corporation, by amendment, changes its scope, rights and powers in such a substantial way as amounts to a radical and material change of its plans and purposes, as if, in fact, if not in name, to create a new corporation, the organization tax can be imposed upon it to the entire amount of its authorized capital stock.

4. Corporations—Payment of Incorporation Fees and Taxes.—The organization tax can not be imposed upon a corporation which was organized before the enactment of Section 4225, Kentucky Statutes, and has since accepted the provisions of the. present constitution as provided by law, because of the adoption of an amendment to its articles of incorporation, by which its corporate existence is extended, only, and nothing more.

JAMES GARNETT, Attorney General, CHARLES H. MORRIS, Assistant Attorney General, for appellant.

GEORGE B. WINSLOW and JOHN J. HOWE for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Carrollton Savings & Loan Association, of Carrollton, Kentucky, is a corporation, which was created about the first day of April, 1890, and was created and organized in accordance with the provisions of the laws then in force, which were those embraced in chapter 56, of the General Statutes of Kentucky. The articles of incorporation were executed, filed and caused to be recorded on the 1st day of April, 1890, in the office of the clerk of the Carroll county court, the same being the county wherein it proposed to do business and wherein it has since maintained its office and principal place of business. The authorized capital stock of the corporation was $500,000.00. By one of the articles of incorporation, it was provided that the corporation should continue to exist for twenty-five years from the date of filing the articles of incorporation in the office of the clerk of the county court. When this

period was about to expire, on the 29th day of March, 1915, the written assent of the owners of more than two-thirds of the outstanding capital stock having been obtained, the corporation amended its original articles by striking out the words "shall continue to exist for a period of twenty-five years from the date of filing these articles in the county clerk's office," and substituted therefor the words, "shall continue to exist until the first day of April, A. D., 2000."

The amended articles were acknowledged by more than a majority of the directors, and were filed in the office of the clerk of the county court and recorded on the 29th day of March, 1915. A copy of the articles as amended having been duly certified, as required by law, was presented to the Secretary of State on the 3rd day of March, following their execution, together with the fees required by law to be paid for filing and recording them, and request was made of appellant to file and record the articles, as amended, in his office, but the appellant declined to do so, until the corporation should pay the organization tax of one-tenth of one per centum of the authorized capital stock of the corporation, as provided by section 4225 of Kentucky Statutes, which was the sum of $500.00.

The corporation having been created before the enactment of section 4225, Kentucky Statutes, had never paid any organization tax, and while it came into existence before the adoption of the present Constitution of the State, it had since that time, in the manner provided by law, accepted the provisions of the present Constitution.

The appellee brought this action in the Franklin circuit court against the appellant, as Secretary of State, to require him by writ of mandamus to file and record the amended articles in his office, without the payment of the organization tax provided for by section 4225, *supra.* The appellant interposed a general demurrer to the petition, which was overruled. The appellant declined to further plead and the court adjudged in appellee's favor the relief sought in the petition, and appellant has brought the cause to this court.

Section 4225, *supra,* provides that "every corporation which may be incorporated by or under the laws of this State, having capital stock divided into shares, shall pay into the State treasury one-tenth of one per centum upon the amount of capital stock, which such corpora-

tion is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable on the incorporation of the company and on the increase of the capital stock thereof, and no such corporation shall have or exercise any corporate powers until the tax shall have been paid, and upon payment, it shall file a statement thereof with the Secretary of State.''

It is apparent from the language of this statute, that it was not intended to be retroactive. It only imposed the tax upon the corporations which should thereafter be organized or which should thereafter increase their capital stock by or under the laws of this State. Any other construction would do violence to its language. It could not have been designed to impose the tax upon corporations which were already in existence and had been duly incorporated, theretofore, because the tax is not made due or payable, except upon the incorporation of the corporation, or upon an increase of its capital stock, and then the tax is only laid upon the increase, and not upon the stock which had been issued theretofore. Hence, it follows, that the only corporations from whom the tax can be exacted are those which may be organized after the enactment of the statute, and from those which may thereafter increase their capital stock to the extent of the new stock, and not upon old stock, which was held before the statute was enacted. This court has heretofore held that the statute was not retroactive in Com. v. Licking Valley Bldg. Association, 118 Ky., 791; Com. v. Southern Pacific Co., 164 Ky., 818. The appellee was organized prior to the enactment of section 4225, *supra,* and has never made any increase in its capital stock. It follows, that it could not nor can ever be made liable for the tax provided for in that statute, so long as it remains the same old corporation. It is insisted, however, that never having paid an organization tax, the mere act of its acceptance of the provisions of the present Constitution and thereby obtaining the benefits of the laws enacted since the adoption of the Constitution, upon the subject of corporations, it thereby became liable to pay the tax, as a corporation organized since the adoption of the statute, *supra.* It is sufficient answer to this contention to say that taxes are not collectible except where the legislative authority has imposed them. The paying of taxes is one of the burdens

imposed by governments upon their citizens, and no blessings flow from the simple act of paying them, and hence, they can in no instance be imposed, except they be authorized by express law. The legislative branch of the government had the authority to impose the tax upon a corporation, which was organized before the statute, and which had never paid an organization tax, and which accepted the provisions of the Constitution, and to make its acceptance of the provisions of the Constitution the act, which made it liable for the tax, but the Legislature did not do so, and the court can not do so. It might be said that the State was willing to give to the corporations, which were organized before the adoption of the present Constitution, the benefits which flow from it and the present legislation, in exchange for the giving up by the corporations of the privileges enjoyed by them under the charters under which they were organized; but as the legislature had the power to give these old corporations the benefits of the present Constitution and legislation for their mere asking and without exacting any price, the propriety of doing so is a political and not a judicial question. It was expressly held in Com. v. Southern Pacific Co., *supra*, that the mere act of accepting the provisions of the Constitution, as provided by chapter 32, Kentucky Statutes, did not render a corporation, which was organized prior to the enactment of section 4225, *supra*, liable for the tax provided for by that statute, upon the stock held in the corporation at the time of its organization and prior to the adoption of the present Constitution and statute, *supra*. If an old corporation, organized prior to the present Constitution, should reorganize under the provisions of section 554, Kentucky Statutes, or if it should, by amendment, change its scope, rights and powers, in such a substantial way as amounts to a radical or material change from its original plans and purposes and thus in fact, if not in name, create a new corporation, the tax imposed by section 4225, *supra*, could be exacted from it to the entire amount of its authorized capital stock. Com. v. Licking Valley Bldg. Association *supra;* Com. v. Southern Pacific Co., *supra;* Bruner v. Louisville Packing Co., 144 Ky., 471; Ohio Valley Co. v. Bruner, 148 Ky., 358; but, in the instant case, no change was made in the articles of incorporation except to extend the period of the existence of the corporation; no increase was made in the

capital stock; the name was not changed; no change
was made in its business nor any material change in
the scope of its rights nor powers. The same corpora-
tion exists with the same capital stock, assets, business,
organization and stockholders.

A new corporation is not created nor organized, but
the life of an old corporation is merely prolonged. While
in Avery Bldg. Association v. Com., 166 Ky., 199, an
amendment extending the life of the corporation was
referred to as one of the changes made by its amended
articles, which created it a new corporation, the exten-
sion in that case was made in connection with a change
of name of the corporation and a large increase of its
capital stock, but an amendment merely extending the
life of a corporation, standing alone, has never been
held to be such a radical and material change as to
amount to such a substantial change in the scope, powers
and rights of the corporation, as in effect to be a reor-
ganization and the organization of a new corporation,
and thus to render the corporation liable for an organi-
zation tax upon its stock, which was issued prior to the
enactment of Section 4225, supra, and the adoption of
the present Constitution. As a matter of sound prin-
ciple, it does not have such effect. In the case of Ohio
Valley Tie Co. v. Bruner, Secretary of State, 148 Ky.,
358, it was held that a corporation organized since the
enactment of Section 4225, supra, and which had once
paid the tax provided for by that statute, could not be
required to pay such tax again, when it had adopted
an amendment to its articles of incorporation, which
merely prolonged its corporate existence. While much
of the *dicta* of that opinion militates against the view
herein expressed, the real question there decided was,
that a corporation, which had once paid the organization
tax, could not be required to again pay it, because of
the adoption of an amendment extending the time of
its existence. The reason upon which the decision was
based is that such an extension is not the formation
of any new or different corporation. In other words,
it is the same old corporation, and is not reorganized
or created into a new corporation by an amendment
of its articles extending the time of its existence. The
same reason absolves a corporation, which was organ-
ized prior to the enactment of section 4225, *supra,* and
which adopts an amended article extending its corpo-

rate life, from the payment of the tax upon its original stock. Such a corporation, after having accepted the provisions of the Constitution, is authorized to adopt such an amendment upon the same terms and conditions as a corporation, which was organized under the present laws. Such tax is not imposed upon the original capital stock of the old corporation. Its act, in accepting the provisions of the present constitution, does not render it liable for the tax upon which its stock issued before the enactment of the statute, which is relied upon to impose the tax. When it accepted the provisions of the constitution, it became entitled to the same privileges and subject to the same restrictions as a corporation which was organized under the laws enacted since the adoption of the constitution. Hence, by what process of reasoning can it be said, that, if a corporation organized since the enactment of section 4225, *supra*, by an amendment extending its corporate existence, does not thereby create a new corporation of itself, but remains the same corporation, while a corporation, which was organized prior to the enactment of that statute, and which has accepted the provisions of the Constitution and present laws, and thereby became entitled to the same privileges as a new corporation, by the adoption of an amendment to its articles extending its life, thereby makes a new corporation out of itself?

The judgment is therefore affirmed.

All members of the Court sitting.