## Commonwealth, By etc. v. Belknap Hardware & Manufacturing Company.

(Decided November 22, 1918.)

### Appeal from Franklin Circuit Court.

1. Corporations—Organization Tax—Increase of Capital Stock.—Kentucky Statutes, section 4225 only imposes an organization tax upon corporations organized since its enactment, and upon the increase of the capital stock of the corporation made since its enactment, to the extent of such increase.

2. Corporations—Organization Tax.—Acceptance of the provisions of the present Constitution by a corporation, organized before its adoption, does not of itself render the corporation liable for the organization tax provided for by Kentucky Statutes, section 4225.

3. Corporations—Amending Articles of Incorporation—Organization Tax.—If a corporation in existence prior to the passage of the act of 1893 (now section 4225 Ky. Statutes) by amending its articles of incorporation, changes its scope and powers in such a substantial way as to constitute a radical or material change in its plans and purposes and thereby make of it in fact, if not in name, a new corporation, it may be compelled to pay the organization tax imposed by Kentucky Statutes, section 4225, on the entire amount of its capital stock.

4. Corporations—Amending Articles of Incorporation.—A corporation organized before the adoption of the present constitution

and which had accepted its provisions before the enactment of section 4225, Kentucky Statutes, and after the enactment of the statute, by an amendment or amendments to its articles of incorporation increased its capital stock, extended its corporate life, and changed its corporate name, without in a substantial way making any radical or material change in its plans and purposes, did not thereby become a new corporation; hence the only tax for which it became liable by reason of the amendments, was that imposed by section 4225 upon the increase in its capital stock made by the amendments, which tax it admittedly paid.

5.    Overruled Cases.—The cases of Avery Building Association v. Commonwealth, 166 Ky. 199; Senn v. Levy, 111 Ky. 319; Commonwealth v. Licking Valley Bldg. Association, 118 Ky. 799, in so far as they conflict with the opinion in the instant case, are overruled.

J. P. HOBSON & SON and CHARLES H. MORRIS, Attorney General, for appellant.

BARRET, ALLEN & ATKISSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This action was brought in the name of the Commonwealth of Kentucky, by W. M. Byars, revenue agent for the state at large, to recover of the Belknap Hardware & Manufacturing Company, a corporate organization tax of $2,500.00 and 20% penalties on the ground that by filing amended articles of incorporation in 1903, whereby it increased its capital stock from $1,000,000.00 to $2,500,000.00, extended its corporate life and changed its name, a new corporation was thereby created, which made it liable for an organization tax on the whole $2,500,000.00 as upon a new corporation. The collection of this tax was resisted by the Belknap Hardware & Manufacturing Company on the grounds:

1.    That the amended articles filed in 1903 did not create a new corporation.

2.    That if they did, such tax was due at the time the articles of incorporation were filed, and as the action to recover the tax was not brought until 1917, it is barred by the five years statute of limitations. The circuit court sustained the second ground, hence the action was dismissed, and from the judgment to that effect the Commonwealth has appealed

The appellee appears to have been first incorporated in 1880, under the name of W. B. Belknap & Company,

with a life of twenty-three years, and capital stock of $500,000.00. By the filing of amended articles in 1891 it duly accepted the provision of the present Constitution of the state and increased its capital stock to $600,000.00. In 1893, the statute imposing a tax on authorized capital stock of new corporations and increased capital stock under amended articles was enacted. By the filing of amended articles in 1900 appellee increased its capital stock to $750,000.00. In 1901 it in like manner increased its capital stock to $1,000,000.00. By the filing of amended articles in May, 1903, appellee extended its corporate life to ninety-nine years and increased its capital stock to $2,500,000.00; and in June, 1903, by filing of further amended articles, changed its corporate name to Belknap Hardware & Manufacturing Company.

Kentucky Statutes, section 4225 (act 1893) provides: "Every corporation which may be incorporated by or under the laws of this state, having a capital stock divided into shares, shall pay into the state treasury one-tenth of one per centum upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable on the incorporation of the company and on the increase of the capital stock thereof, and no such corporation shall have or exercise any corporate powers until the tax shall have been paid, and upon payment it shall file a statement thereof with the Secretary of State."

It is conceded by appellant that upon each of the above indicated increases in its capital stock made since the passage of the act of 1893, appellee paid to the Commonwealth the tax required by its provisions, i. e., on the increase to $750,000.00, made in 1900, a tax of $150.00; on the increase to $1,000,000.00, in 1901, $250.00; and on the increase to $2,500,000.00, in 1903, $1,500.00. However, it is insisted for appellant, and so averred in the petition, that the two amendments of 1903 to appellee's articles of incorporation, that of May extending the corporate life to ninety-nine years and increasing the capital stock to $2,500,000.00, and that of June changing the name, together created a new corporation; and that as a new corporation appellee was at the time of its creation, viz.: in June, 1903, and is now, liable under the statute, *supra*, for an organization tax on the whole of its

$2,500,000.00 capital stock. We are unable to see any merit in this contention. We have heretofore held that none of these changes made separately creates a new corporation. That an amendment merely extending the corporate life, does not subject the corporation to the organization tax, was held in Ohio Valley Tie Company v. Bruner, 148 Ky. 358, and in Crecelius v. Carrollton S. & L. A., 167 Ky. 813. In Avery Bldg. Association v. Commonwealth, 166 Ky. 205, we held that an amendment merely increasing the capital stock of the corporation "should not be regarded as the creation of a new corporation;" and in Bruner v. Louisville Packing Co., 144 Ky. 471, that an amendment reducing the capital stock and changing the name of the corporation there involved did not make of it a new corporation. If amendments to articles of incorporation of the character indicated, when separately made, do not create a new corporation in the meaning of the statute subjecting new corporations to the payment of an organization tax, we are at a loss to understand by what process of reasoning the conclusion can be reached that the mere fact of embracing them all in one amendment or two can do so. Logically the result is not different where the three changes referred to are included, as in appellees' articles of incorporation, in two amendments, though made less than a month apart, the first extending the corporate life and increasing the capital stock, and the second changing the corporate name. Undoubtedly a new corporation that would be subject to the organization tax may be created out of an existing one by an amendment to its charter or articles of incorporation. But it was held in Bruner v. Louisville Packing Co., *supra,* that to accomplish this end there must be "a change in the name of the corporation, accompanied by a substantial change in the scope, rights and powers of the corporation." Commonwealth v. Licking Valley Bldg. Association, 118 Ky. 791. It seems, however, to have been held in Crecelius v. Carrollton S. & L. Association, *supra,* that a new corporation may be created out of an old one organized before the adoption of the present Constitution without a change of name, as it is in the opinion declared that if it "should by amendment change its scope, rights and powers in such a substantial way as amounts to a radical or material change from its original plans and purposes and thus in fact, if not in name, create a new corporation, the

tax imposed by section 4225, *supra,* could be exacted from it to the entire amount of its authorized capital stock.''

In Commonwealth v. Southern Pacific Co., 164 Ky. 818, the question under consideration is more elaborately discussed in the following language:

''It seems to us the sole question in these cases is whether any of the amendments served to dissolve the old corporation and create a new one. If so, then its capitalization becomes new, and is subject to the payment of an organization tax. But the mere filing of an amendment cannot have that effect. The new law not only recognizes that right in an old corporation which has rendered itself amenable to the new law, but it is one of the rights offered as an inducement to become thus subject to the new law and surrender its old exclusive privileges. So long as the right to amend is fairly used, and the amendments do not, in fact, create a new corporation— that is, are not in conflict with the plan and scope of the existing corporation, and are resorted to in good faith to accomplish or fairly enlarge those plans—such amendments cannot be said to have the effect of creating a new corporation. Of course, the organization tax cannot be escaped by substituting a new charter by way of amendment for an old charter. As illustrated by counsel for appellee, it is obvious that the legislature did not mean to allow, say a lumber company, created prior to or since the adoption of the present Constitution, to amend its articles of incorporation so as to create a railroad company in lieu. This would be the creation of a new corporation under the guise of an amendment to an old one. If the amendment is such as to create what is substantially a new corporation the organization tax must be paid, because, by virtue of the amendment, a new corporation comes into existence and the time of payment is fixed as 'on the incorporation of the company.' So, as already stated, are the amendments in question germane to the original charters, or are the original charters supplemented to that extent that the corporation is a new or different one?''

It was the conclusion of the court in this case that the railroad corporation was not liable for the organization tax, and the test furnished by the opinion in determining the non-liability of the corporation in that case must control the decision of the instant case. It is manifest

that the changes made by appellee in its articles of incorporation in 1903 did not destroy the old corporation or create a new one. The rights and powers the amendments confer neither radically nor substantially differ from the original plans or purposes of the corporation and are not in conflict with the scope of the powers it possessed prior to their adoption. Neither separately nor together do they authorize the corporation to exercise a single power it did not already possess, but were necessary to the proper enlargement of appellee's business, which remains the same as from the beginning, and were evidently made in good faith to prolong its corporate life, increase its capital to meet the demands of its rapidly expanding trade, and change its name to a corporate title that will more clearly indicate the nature of its business. The fact that the amendment of May, 1903, authorized an increase of the corporation's capital stock with the right to classify it into common and preferred shares cannot, as argued by appellant's counsel, effect any substantial change from its original plans or purposes, for the right and power to so classify its capital stock existed in the corporation under its previous articles of incorporation and had been exercised by it prior to the amendments in question. We must concede that the conclusion herein expressed does not seem to be in accord with that reached in the case of Avery Bldg. Association v. Commonwealth, 166 Ky. 199. In that case the corporation proceeded against for the corporation tax had been organized in 1888 with a capital of $5,000,000.00 upon which it had paid no tax, as there was then no statute imposing it. In 1912, by filing the necessary amendment, the corporation increased its capital stock to $10,000,000.00 and as the present statute, enacted in 1893, was then in force, it paid the tax on the $5,000,000.00 increase in its capital stock required by its provisions. In 1913, by the filing of a further amendment, the corporation changed its name, extended its corporate life, and increased its capital stock to $15,000,000.00, paying at the time the tax on the additional $5,000,000.00 of stock. It was held by the court that this amendment made a new corporation of the defendant and subjected it to a tax on the $5,000,000.00 of capital authorized by its original charter. The opinion does not, however, apply to the facts of the case the test for determining when a new corporation is created, fur-

nished by the opinions of the court in Bruner v. Louis-
ville Packing Co; Ohio Valley Tie Company v. Bruner;
Commonwealth v. Southern Pacific Co.; and Crecelius v.
Carrollton S. & L. Association, *supra,* but rests the de-
cision of the question upon the grounds that whenever a
corporation organized prior to 1893 thereafter amended
its articles of incorporation, it became a new corporation
and liable to tax on the capital authorized by its original
charter or articles of incorporation, on which no tax had
been paid. The opinion relies upon the cases of Senn v.
Levy, 111 Ky. 319, and Commonwealth v. Licking Valley
Bldg. Association, 118 Ky. 799, as supporting its con-
clusions. Without taking time to note the points of differ-
ence between those cases, especially the first, and the
Avery Bldg. Association and instant cases, it is sufficient
to say the doctrine announced by the former cases, that
the effect of such an amendment as we are here consid-
ering, is to destroy the old corporation and create a new
one, was not followed in the later cases of Bruner v.
Louisville Packing Company and Ohio Valley Tie Com-
pany v. Bruner, and, together with the dictum in the
latter, that should a corporation organized under the
General Statutes seek the benefits of the present corpora-
tion law by way of filing an amendment to articles of in-
corporation, "it would need to pay its organization tax
once," was expressly repudiated by the opinion in Com-
monwealth v. Southern Pacific Company, with reference
to which it is said:

"The rule contended for by appellant, viz.: to ascer-
tain whether the organization tax has once been paid is
perhaps preferable because of its simplicity and ease of
application, but it must first have legislative approval.
We understand the existing statutes to apply a different
rule; that is, the amendment in question must amount to
a radical or material change or departure from the cor-
poration's original plans and purposes."

It is true the decision of the Avery Bldg. Association
case came after that of the Southern Pacific Company,
but likewise true, that the decision in the Avery Bldg.
Association case was disregarded by the opinion in the
still later case of Crecelius v. Carrollton S. & L. Associa-
tion, which, notwithstanding the holding of the opinion
in the Avery Bldg. Association case to the contrary, re-
affirmed the doctrine announced by the opinion in the
Southern Pacific Company case.

In Crecelius v. Carrollton S. & L. Association the defendant was sued for the organization tax. The corporation was organized under the General Statutes, and, following its acceptance of the present Constitution, filed an amendment extending its existence. It had never paid an organization tax. In holding it not liable for such tax we said:

"The legislative branch of the government had the authority to impose a tax upon a corporation, which was organized before the statute, and which had never paid an organization tax, and which had accepted the provisions of the Constitution, and to make the acceptance of the provisions of the Constitution, the act which made it liable for the tax; but the legislature did not do so, and the court cannot do so."

The opinion from which the above excerpt is quoted is the latest rendered by us upon the question here involved, after its consideration by the whole court; and we are of the opinion that its conclusions of law and those expressed in Commonwealth v. Southern Pacific Co., 164 Ky. 818, should be adhered to by this court; and as by applying to the facts of the instant case the tests they furnish for determining whether such amendments as were filed by appellee made of it a new corporation, we find that they did not do so, it is our further conclusion that it is not liable for the organization tax demanded of it. This being our view of the law on the merits of the case, the decision must be in the appellee's favor, hence we regard it as unnecessary to pass on its further defense that the Commonwealth's demand asserted against it is barred by the statute of limitations. Therefore, that question is not decided.

The cases of Avery Bldg. Association v. Commonwealth, 166 Ky. 199; Senn v. Levy, 111 Ky. 319, and Commonwealth v. Licking Valley Bldg. Association, 118 Ky. 799, in so far as they conflict with the conclusions of law expressed in the instant case, are hereby overruled.

For the reasons indicated herein the judgment of the circuit court, dismissing appellant's action, is affirmed.

The whole court sitting.