## Greene, Auditor v. Louisville Railway Company.

(Decided April 29, 1919.)

Appeal from Franklin Circuit Court.

Taxation—Corporation Tax—Tax on Corporate Stock—When Pay-

able.—Under Chapter 77, Acts 1916, providing that every corpora-
tion having capital stock divided into shares shall pay into the
State Treasury one-tenth of one per cent. on the amount of cap-
ital stock, and a like tax on any subsequent increase thereof, but
further providing that every corporation which has not hereto-
fore paid the organization tax upon any or all of its capital stock,
and which by amendment of its charter changes its name, in-
creases its powers, enlarges its scope, or prolongs its corporate
life, shall, upon the filing of such amendment, pay the tax as
above provided upon its entire capital stock, or so much thereof
as has not theretofore borne the tax, a corporation which was
organized prior to the adoption of the present Constitution, and
which amended its articles of incorporation for the sole purpose
of increasing its capital stock, is not liable for an organization
tax on its original stock as well as on the increase.

CHARLES H. MORRIS, Attorney General, and D. O. MYATT, As-
sistant Attorney General, for appellant.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY and
CHARLES W. MILNER for appellee.

Opinion of the Court by William Rogers Clay, Com-
missioner—Affirming.

The only question presented on this appeal is whether
a corporation which was organized prior to the adoption
of the present Constitution, and which amends its arti-
cles of incorporation for the sole purpose of increasing
its capital stock, must pay an organization tax on the
original stock as well as on the increase. The question
arises in the following way: The Louisville Railway
Company was incorporated by an act of the legislature,
approved January 22, 1867 (Acts 1867, volume 1, p. 68),
and an act approved April 16, 1890 (Acts 1889-90, volume
2, p. 756). The original capital stock was $1,000,000.00,
but the articles provided that this amount might be in-
creased from time to time. Prior to the adoption of the
present Constitution, the company had issued $6,000,000
of stock. After the adoption of the Constitution, the
company accepted its provisions and adopted three
amendments, one on August 31, 1904, increasing its capi-
tal stock in the sum of $1,100,000.00, one on March 21,
1906, making a further increase of $400,000.00, and one
on August 22, 1908, making a further increase of

$500,000.00. The organization tax was paid on these increases.

On April 15, 1917, the corporation again amended its articles of incorporation and increased its capital stock $4,000,000.00. No other change was effected by the amendment. After being filed and recorded in the Jefferson county court clerk's office, the amendment was sent to the Secretary of State with the company's check for $4,000.00, the tax due on the increased capital. The Secretary of State declined to file the amendment until the organization tax was paid on the stock issued prior to the adoption of the present Constitution, the amount of which was fixed at $5,956,500.00. Thereupon the company paid to the State Treasurer the sum of $5,956.50, the amount claimed to be due by the Secretary of State, and accompanied the payment with a written protest addressed to the State Treasurer, the Secretary of State and the Auditor of Public Accounts, advising them of the company's purpose to institute proper proceedings to collect the sum so paid under protest.

Pursuant to its avowed purpose, the company brought this suit against the Auditor to recover the sum so paid. The Auditor's demurrer to the petition was overruled, and judgment was rendered awarding the company the relief prayed for.

The question for decision depends on the proper interpretation of section 4225, Kentucky Statutes, as amended by chapter 77, Acts 1916. The act as amended reads as follows:

"Every corporation which may be incorporated by or under the laws of this state, having a capital stock divided into shares, shall pay into the State Treasury one-tenth of one per centum upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable on the incorporation of the company and on the increase of the capital stock thereof, and no such corporation shall have or exercise any corporate powers until the tax shall have been paid, and upon payment it shall file a statement thereof with the Secretary of State.

"Provided, that every corporation which has not heretofore paid the organization tax upon any or all of its

capital stock, and which, by amendment of its charter, changes its name, increases its powers, enlarges its scope, or prolongs its corporate life, shall, upon the filing of such amendment, pay the tax as above provided, upon its entire capital stock, or so much thereof as has not theretofore borne the tax.''

Prior to the amendment, section 4225, Kentucky Statutes, consisted only of the first paragraph of the above act. The only change made in the act by the amendment was the addition of the second paragraph.

Appellant contends that the company is liable for the tax on its original capital stock because the amended act so provides, where the amendment to the company's charter ''increases its powers,'' it being argued that one of the powers of a corporation is to issue stock, and that when an amendment gives to the corporation the right to increase its stock, it thereby ''increases its powers.'' For the purpose of arriving at the legislative intent, the language of the amended act must be construed not only in the light of the original act, but in the light of the previous decisions of this court. We had held that the original act was not retroactive, but that it imposed the tax only on corporations organized, or whose stock was increased, after the enactment thereof, and that a corporation theretofore organized was not liable for the organization tax on its original capital stock, where the amendment, (1) changed its name; (2) increased its powers or enlarged its scope, unless the new powers were of such a material and radical nature as to create in fact a new corporation; (3) prolonged its life; (4) increased its capital stock, except on the increase.  Bruner v. Louisville Packing Co., 144 Ky. 471, 139 S. W. 764; Commonwealth v. Southern Pacific Co., 164 Ky. 818, 176 S. W. 375; Crecelius v. Carrollton Saving & Loan Ass'n, 167 Ky. 813, 181 S. W. 635; Commonwealth v. L. & N. R. R. Co., 164 Ky. 818, 176 S. W. 375.  See also Commonwealth v. Belknap Hardware & Mfg. Co., 182 Ky. 155, 206 S. W. 277. By the amendment of 1916 it was provided that every corporation should pay the tax on its entire capital stock, or so much thereof as had not theretofore borne the tax, where, by an amendment of its charter, it (1) changes its name, (2) increases its powers, (3) enlarges its scope, (4) prolongs its corporate life.  In other words, the

amended act deals in specific terms with every state of case where it had been held that a corporation was not liable on its original capital stock, except where there was an increase of its capital stock. It seems to us, therefore, that if the legislature had intended that a mere increase of stock should have the same effect, it would have provided therefor in specific terms, and would not have included it within a mere ''increase of powers,'' which this court had treated as something distinct and separate from a mere increase of capital stock. We, therefore, conclude that an amendment that ''increases the powers'' of a corporation is one that confers a new and additional power not theretofore possessed by the corporation, and is not one that merely enlarges the operation of an existing power. Here, the company already had the power to issue stock. No new power was conferred by the amendment of 1916. The operation of the existing power was merely enlarged. It follows that an amendment merely increasing the capital stock of the company was not such an ''increase of its powers'' as made it liable for the organization tax on its original capital stock.

Judgment affirmed.