# Lewis, Secretary of State, v. Claussner Hosiery Company.

(Decided November 24, 1931.)

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

The appellee, Claussner Hosiery Company, is a corporation incorporated under the laws of this state with its principal office in McCracken county. It has been incorporated for a number of years, and on September 7, 1931, its capitalization consisted of 3,500 shares of preferred stock of the par value of $100 each, and 25,000 shares of common stock of the par value of $10 each, on which the organization tax prescribed by section 4225 of the Kentucky Statutes had been paid. We are informed in the brief of its counsel that prior to the 28th day of August, 1931, the common capital stock consisted of 15,-000 shares of the par value of $10 each, which, on that day was increased by appropriate action to 25,000 shares of the par value of $10 each. On the 7th day of September, 1931, by appropriate action, the appellee undertook by amended articles of incorporation to change the common capital stock from 25,000 shares of the par value of $10 each, to 25,000 shares without any nominal par value. When these amended articles of incorporation

were tendered to the secretary of state to be recorded, she declined to do so unless the appellee paid an additional organization tax based on the difference between the theretofore par value of such shares of $10 each and a par value of $100 each assigned to the proposed no par value stock. Thereupon, this suit was brought to compel the secretary of state to record these articles of incorporation without the payment of any additional organization tax. The lower court granted the appellee the relief it sought, and from that judgment, this appeal is prosecuted.

To sustain its position, the appellee relies on a number of opinions of this court construing section 4225 of the Kentucky Statutes, and especially on the cases of Commonwealth v. Southern Pacific Co., 164 Ky. 818, 176 S. W. 375, and Commonwealth v. Belknap Hardware & Manufacturing Co., 182 Ky. 155, 206 S. W. 277. Those opinions, in effect, hold that where amended articles of incorporation, when fairly construed, do not in fact create a new corporation, and are resorted to in good faith to accomplish or fairly enlarge the plans of the original articles of incorporation, such amendments are not to be held to have the effect of creating a new corporation, and no additional organization tax need be paid. We do not regard these opinions as being in point. Section 4225 of the Statutes, specifically states that the organization tax therein provided for shall be due and payable on the incorporation of a company, and on the increase of the capital stock thereof. Section 564-2 of the Statutes, being that section of the Statutes dealing with no par stock, provides, in part:

> "For the purpose of the taxes prescribed to be paid on the filing of any certificate or other paper relating to corporations and of franchise taxes prescribed to be paid by corporations to this state, but for no other purpose, such shares shall be taken to be of the par value of one hundred dollars each."

Language could hardly be clearer to express the thought that, when it comes to the taxes prescribed to be paid on the filing of any certificate or other paper relating to corporations which, of course, includes amended articles of incorporation, no par stock shall be taken to be of the par value of $100 each. Counsel would hardly contend that if the amendment of September 7, 1931, to

appellee's articles of incorporation had increased the par value of its common stock from $10 to $100 per share, the tax, which the secretary of state is here insisting upon, would not have to be paid. Section 564-2 of the Statutes expressly says that, for the purpose of taxes prescribed to be paid on the filing of any paper relating to corporations, the "no par stock" shall be deemed to be of the par value of $100 per share. There is no escape then from the conclusion that, when these amended articles of incorporation were presented to the secretary of state, she had to take the no par stock to be of the par value of $100 per share in determining the question whether any taxes would have to be paid, and, when she did as the Statutes said she must do, she found that there was a difference of $90 between the stock as it was when it paid its organization tax and the stock as it had to be taken under the Statute when the amended articles were presented to her. It inevitably follows that she was right in demanding the additional organization tax, and the lower court erred in requiring her to file and record these amended articles without such tax being paid. The judgment is reversed, with instructions to dismiss the petition of the appellee.

Whole court sitting, with the exception of Judge THOMAS, who took no part in the decision.