# Ohio Valley Tie Co. v. Bruner, Secretary of State.

(Decided May 14, 1912.)

## Appeal from Franklin Circuit Court.

Corporations—Extending Corporate Existence by Amendment—Not
Required to Again Pay Organization Tax.—A corporation which
has once paid the organization tax as provided in section 4225
Kentucky Statutes, shall not be required to again pay an organi-
zation tax when it extends its corporate existence by amend-
ment as provided in section 559 Kentucky Statutes.

When a corporation in due form executes and has recorded its
articles of incorporation, it is at once an existing corporation,
possessed of whatever rights the State may have given to its
corporate creatures under its general laws. Among these rights
is that to amend any of its articles of incorporation, a right ex-
pressly conferred by section 559 Kentucky Statutes.

TRABUE, DOOLAN & COX for appellant.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant
Attorney General for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

This appeal presents but one question—whether a
corporation which has once paid the organization tax
as provided in Section 4225 of the Kentucky Statutes,
must pay this tax again when it proceeds to extend its
corporate existence by amendment as provided in Sec-
tion 559 of the Kentucky Statutes.

The appellant corporation, at the time of its organi-
zation, paid the tax demanded by Section 4225 of the
Kentucky Statutes, and by its articles of incorporation
fixed the duration of its existence (Section 539, Ken-
tucky Statutes, Subsection 6) as twenty-five years. Be-
fore the lapsing of the twenty-five years it developed
that certain of its internal affairs, as looking toward the
future plans of its business, demanded a corporate ex-
istence extending beyond the time of its original charter
life. It, therefore, prepared its amendment in 1910,
whereby it provided that it should have a corporate ex-
istence of twenty-five years from that date. When it
offered its amended articles to the Secretary of State
for filing, accompanied by the recording fees, the Secre-
tary declined to record the articles unless there should
again be paid to the State the tax of one-tenth of one
per cent upon the authorized capital stock. This action,

by way of mandamus, was brought against him; but the Circuit Court sustained his views, and the corporation has appealed.

Section 4225 of the Kentucky Statutes is as follows:

"Every corporation which may be incorporated by or under the laws of this State, having a capital stock divided into shares, shall pay into the State Treasury one-tenth of one per centum upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable upon the incorporation of the company and on the increase of the capital stock thereof, and no such corporation shall have or exercise any corporate powers until the tax shall have been paid, and upon payment of it shall file a statement thereof with the Secretary of State."

This tax must be paid once by every corporation which desires to have a charter life in Kentucky under the present Constitution and the general corporation laws of the State. But as the statute now stands it need be paid but once. Its terms exclude any other intent. Its provision is that the tax must be paid by every corporation "which may be incorporated;" and further that the tax shall be due on "the incorporation" of the company. It is a tax due to the Commonwealth from every corporation which should draw its right to exist from these laws and the Constitution of the Commonwealth, a tax due upon the birth and creation of the artificial person. When once it has paid for and come into the possession of its existence, it has certain rights and powers expressly granted to it by the State, which it may fully exercise without subjecting itself to further payment to the State. When it organizes it must execute articles of incorporation, which must specify its name, its home, the nature of its business, and sundry other definite information of its affairs. Section 539, Kentucky Statutes. The sixth in number of its articles must state "the time when it is to commence, and the period it is to continue." When in due form it has executed and had recorded its such articles of incorporation it is at once an existing corporation, possessed of whatever rights the State may have given to its corporate creatures under its general laws. Among these rights is that to amend any of its articles of incorporation, a right expressly conferred by Section 559 of the

statutes. It has paid its tax and gained its right of existence, and with it as well the right to amend its articles, the sixth of which is that specifying the duration of its existence. The General Assembly provided for no additional tax upon such extension of the life, though it was careful to provide for an additional payment upon the increase of the capital stock if any should be made by amendment.

Nor did the general corporation law fix any limit as the outside period of the corporation's duration. In organizing, the corporation at bar might just as well have fixed its duration at one hundred years as at the period of twenty-five years which it did name. The tax required on organization would have been no more; and when it named the period of twenty-five years it had the statute before it saying that it could at any time amend that particular article of incorporation and extend the duration of the same corporation upon which its organization tax had once been paid. The argument upon the other hand, is that the tax is a tax not upon the organization so much as upon the right to exist for the period named in the original articles as the period of the corporate duration. There is nothing in the context of the act to warrant this narrow and restrictive construction. Nor in view of the specially admitted right to extend by amendment the duration of its life, can it be plausibly maintained that the tax was paid in the beginning for the right to be a corporation only during the period originally named.

The general authority throughout the Union upholds the right of a corporation to extend its life by amendment. Section 559 of the statutes, expressly granting this right when read in connection with section 539, is in line with this view. Though the question under the present statute has not been answered directly by this court, the right has inferentially been admitted in the case of Home Building Association v. Bruner, 134 Ky., 361; and indeed the statutes admit of no other construction. Such an extension is not the formation of any new or different corporation. Its affairs are not wound up or liquidated; there is no distribution of its assets; there is no change in the personnel of the stockholders or their liability; there is no alteration or break in the continued existence of the corporation upon which the organization tax has once been paid. Franklin County

Court v. Deposit Bank, 87 Ky., 370. The General Assembly might provide for a new tax upon such an extension but it has not done so.

If the corporation, however, should by amendment substantially change its scope, rights and powers, there might be a consequent right to exact the organization tax; but that question is not here for decision. The ground of its collection in such a state of case would rest upon the determination of whether the change were so substantial or material as to create in fact a new corporation.

For the sake of clearness it is to be borne in mind that this decision applies to corporations which have once paid the tax. Should a corporation organized under Chapter 56, of the General Statutes, although already in possession of a corporate existence, seek the benefits flowing from the general corporation laws of the Kentucky Statutes by organizing or amending under them, it would need to pay its organization tax once. This was expressly held in Commonwealth v. Licking Valley Building Association, 118 Ky., 791. But, it would need to pay the tax only once, just as those created under the present general corporation law need to pay only once.

Our view of the matter is predicated wholly upon our own statute. There are to be found what might be supposed to be case-law precedents from other states; but decisions drawn from statutes covering the same field, differing in phraseology, shed but a nebulous light to aid in the investigation. Our statute is clear. If the Legislature means otherwise it will need to say otherwise.

The judgment is reversed for proceedings consistent herewith.