## Talbott, Auditor of Public Accounts, v. Louisville Trust Company.

(Decided May 3, 1935.)

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellant.

GORDON, LAURENT, OGDEN & GALPHIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Section 4225, Kentucky Statutes, reads as follows:

"Every corporation which may be incorporated by or under the laws of this state, having a capital stock divided into shares, shall pay into the state treasury one-tenth of one per centum [1%] upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable on the incorporation of the company and on the increase of the capital stock thereof, and no such corporation shall have or exercise any corporate powers until the tax shall have been paid, and upon payment it shall file a statement thereof with the secretary of state.

"Provided, that every corporation which has not heretofore paid the organization tax upon any or all of its capital stock, and which, by amendment of its charter, changes its name, increases its powers, enlarges its scope, or prolongs its corporate life, shall, upon the filing of such amendment, pay the tax as above provided upon its entire capital stock, or so much thereof as has not theretofore borne the tax."

Some time ago the Louisville Trust Company was organized with an authorized capital of $1,750,000, and paid the organization tax on that amount of stock.

On July 7, 1931, the trust company amended its charter and reduced its authorized capital to $200,000.

On August 4, 1931, it increased its capital from $200,000 to $1,000,000. On January 9, 1934, the trust company adopted an amendment to its charter increasing its capital from $1,000,000 to $2,000,000 by authorizing the issuance of 62,500 shares of preferred stock having par value of $16 per share.

After the last amendment was properly recorded

in the office of the county clerk of Jefferson county, a. copy thereof, certified by the county court clerk, was. presented to the secretary of state, with the request that the copy be accepted and recorded. At that time there was tendered to the secretary of state in payment of the organization tax the sum of $250; that being the· sum due on the increase of $250,000 capital over the· original authorized capital of $1,750,000. The secretary of state refused to accept and record the copy of the· amended articles unless the trust company paid the· sum of $1,000. The trust company made the payment under compulsion and protest.

This action was brought against J. Dan Talbott,. auditor of public accounts, to compel him to issue his warrant for $750 on the ground that to that extent the· tax paid was not due. From a judgment granting the· relief prayed, the auditor appeals.

It is conceded that the only question is the amount. of the organization tax payable under the statute.

A similar question was before the Supreme Court. of Pennsylvania in Commonwealth v. Independence Trust Co., 233 Pa. 92, 81 A. 928, 930. There a corpora-· tion organized in 1899 paid the organization tax (called a bonus) on its authorized capital stock of $1,000,000.. In 1903 it decreased its capital stock to $75,000. In: 1909 the capital stock was increased to $2,000,000. The· corporation contended that upon increasing its author- ized capital to $2,000,000 it was liable only for a bonus. or organization tax on the net increase of $1,000,000· over the original authorized capital stock on which the· tax had been paid. The commonwealth contended that. the corporation was liable for the organization tax on $1,925,000, the amount of the increase over and above the sum of $75,000 to which the capital stock had been decreased. In holding that the corporation was re- quired to pay a tax only on the additional capital stock of $1,000,000 on which no bonus or tax had been paid, the court said:

"The evident intention of the Legislature was to impose a bonus charge upon the amount of capital stock, and not to exact more than the total capitali- zation warrants. When an incorporated company pays a bonus upon the amount of its original capi-· tal, and upon any subsequent increases thereof, the: requirements of the law have been satisfied."

It seems to us that the conclusion of the Supreme Court of Pennsylvania is sound and that its reasoning is peculiarly applicable to our own statute. Its language is "shall pay into the state treasury one-tenth of one per centum [1%] upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof." The word "thereof" refers to the authorized capital and not to the amount to which it may have been reduced, with the result that the words "any subsequent increase thereof" mean an increase over and above the authorized capital stock on which the organization tax had been paid. Such was our view of the statute before the proviso was added. Thus, in holding that a corporation which had once paid the organization tax was not required to pay again on filing an amendment to its articles of incorporation extending its corporate existence, we made it clear that the corporation should pay the tax once and only once, unless perhaps the articles of incorporation were so materially changed as to make it in fact a new corporation. Ohio Valley Tie Company v. Bruner, 148 Ky. 358, 146 S. W. 749. The proviso was added in the year 1916. Acts 1916, c. 77, p. 606. Its language "that every corporation which has not heretofore paid the organization tax upon any or all of its capital stock," coupled with the words "shall, upon the filing of such amendment, pay the tax as above provided, upon its entire capital stock, *or so much thereof as has not theretofore borne the tax,*" clarifies the language of the original act and emphasizes the fact that the tax is payable only on so much of the capital stock as has not theretofore borne the tax. Here the trust company paid the organization tax on its original authorized capital stock of $1,750,000. Though it afterwards reduced its capital stock to $200,000, and then increased it to $1,000,000 and then to $2,000,000, it only increased its original authorized capital stock in the sum of $250,000, and that was the only portion of its authorized capital stock that had not "theretofore borne the tax." That being true, a tax of $250 was due, and no more, and the court did not err in granting the mandamus.

Judgment affirmed.