

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 18, 1939

Hon. Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

> Opinion No. 0-745
> Re: Renewal of the charter of
> Weatherford, Mineral Wells
> & Northwestern Railroad Co.

Your request for an opinion as to the amount of the filing fee to be charged for the renewal of the charter of the Weatherford, Mineral Wells & Northwestern Railroad Company, and as to whether the renewal resolution and certificate should be submitted to the Attorney General's Department for examination and approval, has been received by this department.

Article 6268 of our Revised Civil Statutes expressly provides the manner for renewing the charter of a railroad corporation. None of the articles relating to railroads make any provisions for the filing fee of the renewal of a charter.

We think that the filing of the renewal resolution and certificate of this concern is an amendment to the original charter, and the filing fee is fixed by the terms of article 3914, of our Revised Civil Statutes.

Article 3914, Revised Civil Statutes, reads, in part, as follows:

> "The Secretary of State is authorized and required to charge for the use of the State the following other fees:
>
> "Upon filing each charter, amendment, or supplement thereto of a channel and dock, railroad, magnetic telegraph line, street railway or express corporation, a filing fee of two hundred ($200.00) dollars, provided, that if the authorized capital stock exceeds one hundred thousand ($100,000.00) dollars, an additional filing fee of fifty cents for each one

thousand ($1,000.00) dollars authorized capital
stock or fractional part thereof, after the first
one hundred thousand ($100,000.00) dollars shall
be paid."

Your letter recites the capital stock of this corporation
is $100,000.00. The above article provides for filing fees of each
charter, amendment or supplement thereto of certain corporations,
among them "railroads" and we think this article is decisive of
your first question. The filing fee is two hundred ($200.00) dollars.

We call your attention to volume 13 of American Jurispru-
dence, section 85, page 228 which reads as follows:

"A mere extension of a corporate term of
existence, made either before or after the ex-
piration of the original term is uniformly held
to constitute a continuation of the old and not
the creation of a new corporation."

There are a good many cases as authority for the above
statement, one of them being the case of Ohio Tie Co. v. Brunner,
Secretary of State, 146 SW 749, a Kentucky case. We also find as
a concurring authority on this question a former opinion by this
department to the Hon. A. J. Power, Assistant Secretary of State,
May 22, 1933, written by Pat Dougherty, Assistant Attorney General
and found in opinion book No. 346, at page 529.

As to the submission of the renewal to this department
for examination and approval, you are familiar with article 6263
of our Revised Civil Statutes, which reads as follows:

"The articles of incorporation, when so
prepared, adopted and signed, shall be submit-
ted to the Attorney General, and, if he finds
them to be in accordance with the provisions
of this chapter and not in conflict with the
laws of the United States, or of this state,
he shall attach thereto a certificate to that
effect."

In view of our holding that this renewal is an amendment
to the charter of the above corporation, we do not think that it
is necessary to submit the renewal resolution to this department

for its examination and approval. We do not think article 6263 requires that it be done since this procedure is amendatory in character.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Morris Hodges
Morris Hodges
Assistant

MH:omb:lm

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY  /s/  GRL
CHAIRMAN