OKLAHOMA GAS & ELECTRIC CO. v. CARTWRIGHT, Secy. of State.

No. 34094.  March 20, 1951.

*228 P. 2d 1013.*

Houston W. Reeves and Rainey, Flynn, Green & Anderson, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen and George T. Montgomery, Assts. Atty. Gen., for defendant in error.

HALLEY, J. On January 30, 1951, by stipulation of the parties, this cause was revived in the name of John D. Conner, succeeding Secretary of State, as defendant in error. The parties will be referred to as they appeared in the court below.

Plaintiff, Oklahoma Gas & Electric Company, presented to the defendant, Secretary of State, on May 20, 1947, its amended articles of incorporation, and a certificate in proper form showing compliance with the provisions of section 129, Title 18, O. S. 1941, increasing its capital stock form $53,222,-100 to $65,810,000, an increase of $12,-587,900. The Secretary of State refused to accept and file the instruments presented unless the plaintiff would first pay a fee of $12,587.90, representing $1 per $1,000 on the amount of the authorized increase in capital stock. The plaintiff paid to the Secretary of State the sum of $12,587.90 under protest, and filed this suit for the recovery thereof.

On June 4, 1929, the plaintiff's capital stock was increased to $80,000,000, and subsequent to that date, by filing various amended articles of incorporation, the authorized stock was reduced to $53,222,100, which reduction was made on August 27, 1946.

The plaintiff makes two contentions:

First, that neither section 111, Title 28, O.S. 1941, nor any other section of the statutes requires the payment of a fee to the Secretary of State for increasing the corporation's authorized capital stock.

Second, that assuming that the statutes of the State of Oklahoma did authorize the collection of a fee of one-tenth of one per cent for the filing of amended articles of incorporation increasing the corporation's authorized capital stock, no fee would be due from the plaintiff, since it had already paid a fee on $80,000,000, and the increase would bring the authorized capital stock up to $65,810,000, or $14,190,000 less than the authorized stock of $80,000,-000, on which it has already paid the necessary fee.

The determination of the plaintiff's first proposition is not necessary for the proper disposition of this case, so we will not undertake to answer it in this opinion.

We think that the plaintiff's second proposition is meritorious, and that a corporation is required to pay the fee for filing articles of incorporation and issuing certificate of incorporation on the capital stock authorized but once; and when, as in this case, the plaintiff paid the fee for the issuance of capital stock in the sum of $80,000,000, until it has exceeded that amount in the issuance of its capital stock, no further fee shall be required. The Supreme Court of Pennsylvania, in Commonwealth v. Independence Trust Co., 233 Pa. 92, 81 A. 928, construed a statute of that state similar to ours for fixing the amount of fee or "bonus", as they called it, required to be paid by a corporation upon its incorporation. It was contended in that case by the corporation that the actual increase of stock upon which the bonus was to be paid was $1,000,000, and the Commonwealth claimed that it was $2,000,000. The company was originally incorporated for $1,000,000, on which the fee was fully paid. Subsequently, the capital stock was decreased to $75,000, but at a later date there was a reorganization of the company and the stock was increased to $2,000,000. The Common-

wealth had received a fee, or bonus, on $1,000,000. In that case the court held that there was a total capital of $2,000,000, and that since the fee had been paid on $1,000,000, the company would be required to pay the bonus only on the additional capital stock of $1,000,000; and said that when an incorporating company pays a bonus or fee, as here, upon the amount of its original capital and upon any subsequent increases thereof, the requirements of the law have been satisfied, and that the burden is always on the Commonwealth to establish the necessary facts to sustain a claim for damages.

In Ohio Valley Tie Co. v. Bruner, Secretary of State, 148 Ky. 358, 146 S. W. 749, it was held that where a company was incorporated, fixing a duration of 25 years, and paid the organization tax imposed by law, it was not required, upon extending its corporate life by amending its articles of incorporation, to again pay the organization tax, and that it would be required to pay the tax only once on, its capital stock.

In Talbott, Auditor of Public Accounts, v. Louisville Trust Co., 259 Ky. 75, 82 S.W. 2d 219, the Supreme Court of Kentucky held that where a corporation was originally incorporated for $1,750,000, later reduced to $200,000, then increased by amendment to $1,-000,000, and finally to $2,000,000, it would be liable only for additional tax on $250,000, and not on $1,000,000 since the tax was payable only on so much of the capital stock as had not been taxed. In that particular case, the statute of Kentucky had been changed from what it was originally, to provide an additional clause in the following words:

". . . and a like tax upon any subsequent increase thereof."

The court made the following statement:

"The word 'thereof' refers to the authorized capital and not to the amount to which it may have been reduced, with the result that the words 'any subsequent increase thereof' mean an increase over and above the authorized capital stock on which the organization tax had been paid. Such was our view of the statute before the proviso was added. Thus, in holding that a corporation which had once paid the organization tax was not required to pay again on filing an amendment to its articles of incorporation extending its corporate existence, we made it clear that the corporation should pay the tax once and only once, unless perhaps the articles of incorporation were so materially changed as to make it in fact a new corporation. Ohio Valley Tie Company v. Bruner, 148 Ky. 358, 146 S.W. 749. The proviso was added in the year 1916."

This view is supported by Consumers Power Co. v. State et al., 326 Mich. 643, 40 N. W. 2d 756.

The Attorney General has urged that Butler Bros. v. Martin et al., 369 Ill. 151, 15 N. E. 2d 843, is an authority sustaining his proposition that the license fee has to be paid regardless of whether or not a license fee for a larger amount of capital stock already has been paid. We do not think that opinion is authority here, for in that case there was a distinct change in the statute, making license fees dependent upon issued capital stock rather than authorized capital; and there the company had paid the tax on its original capital stock of $30,000,000 rather than on its issued capital stock of $38,835,000. We do not consider that this Illinois case is in point here; and if it should be so considered, we do not desire to follow it, as we think the proper rule in a case of this kind is that the plaintiff has the right to change its authorized capital stock without additional charge, so long as it does not exceed the amount on which it has paid the license fee, and should it desire in the future to increase the capital stock above that amount, it would then be required to pay an additional fee on such increase. In this particular case, the plaintiff has paid the fee on $80,-

000,000, and should not be required to pay an additional fee unless and until its capital stock is increased beyond that amount.

The judgment of the trial court is reversed, with instructions to enter judgment for the plaintiff.

ARNOLD, C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. WELCH, J., dissents.