Domesticated Corporation — Articles — Amendments — Fees A domesticated corporation must file with the Secretary of State a copy of amendments to its articles of incorporation filed in the state wherein it was formed, as provided by 18 O.S. 228 [18-228] and 18 O.S. 1.230 [18-1.230] (1961). A domesticated corporation which has amended its articles to authorize the issuance of additional stock and to increase its authorized capital may apply against the additional fees required to be paid under 28 O.S. 111 [28-111](b) (1961) a surplus of fees previously paid on the basis of capital invested in the state or on the basis of previous capitalization, as the case may be. The Attorney General acknowledges receipt of your letter dated December 18, 1968, requesting his official opinion on the following: "(1) Must a domesticated corporation file with my office a copy of amendments to its Articles filed in the State wherein it is formed as provided by 18 O.S. 1228 [18-1228] and 18 O.S. 1.230 [18-1.230] (1961)? "(2) If a domesticated corporation has amended its Articles to authorize the issuance of additional stock and to increase its authorized capital, may it apply against the additional fees required to be paid in 28 O.S. 111 [28-111](b) (1961) a surplus of fees previously paid on the basis of capital invested in the State?" Your Question No. 1 requires construction of the pertinent provisions of Title 18 O.S. 1.228 [18-1.228] and 18 O.S. 1.230 [18-1.230] (1961). Among the items of information required to be filed by foreign corporations seeking domestication under Section 18 O.S. 1.228 [18-1.228] are the following: "(b) Such foreign corporation shall deliver in triplicate to the Secretary of State for the purpose of filing: "(1) Articles of domestication duly executed; "(2) A copy of its articles of incorporation, together with all amendments thereto, duly certified by the proper public officer of the state, territory, or country of its incorporation, or, in case the corporation is created by a special law and has no articles of incorporation, a duly certified copy of such law; and . . ." (Emphasis added) Section 18 O.S. 1.230 [18-1.230] requires the following: "Within sixty (60) days after the amendment of the articles of incorporation of any domesticated corporation, except as provided in Section 229 of this Act, amended articles of domestication of such corporation shall be executed and delivered in the same manner and shall contain the same information as of the date of execution of such amended articles of domestication as is required by Section 228 of this Act for original articles of domestication. "For the purpose of this Section, all changes in the authorized powers of a domesticated corporation or other changes in its relationship with the state of its incorporation such as is treated as an amendment of the articles of incorporation of a domestic corporation under the provisions of this Act, shall, except a change of its registered agent in the state of its incorporation, be deemed to be an amendment of its articles of incorporation." The Section 228 referred to is Section 18 O.S. 1.228 [18-1.228] of this Title. Section 229 referred to was repealed in 1949. Section 1.228, subsection a (9), requires that the information to be furnished shall include, "the aggregate number of its authorized shares itemized by classes, par value of shares, shares without par value, and series, if any, within any classes authorized, " The terms, "capital stock," "authorized shares," "authorized capital" are often used interchangeably and mean and include shares which the corporation is authorized by its articles or charter to issue or cause to be issued. In the light of the foregoing, it is the opinion of the Attorney General that your first question must be answered in the affirmative in that a domesticated corporation must file with the Secretary of State a copy of amendments to its articles of incorporation filed in the state wherein it was formed, as provided by 18 O.S. 1.228 [18-1.228] (1961) and 18 O.S. 1.230 [18-1.230]. In respect to your Question No. 2, the Supreme Court of Oklahoma held, in the ease of Oklahoma Gas Electric Company v. Cartwright, Secretary of State, 204 Okl . 261,228 P.2d 1013, as follows: "A corporation must pay to the Secretary of State, for filing articles of incorporation and issuing certificates of incorporation, the required fee of one-tenth of one percent of the authorized capital stock of such corporation; and when that fee is paid no further fee can be charged until the authorized capital stock is increased above the amount on which the fee has been paid." In that case, Oklahoma Gas Electric Company, by amendment to its articles of incorporation had first increased its authorized capital. Thereafter it had reduced the same. It had paid its fee on the entirety of the original increase and collected no refund (none being provided for in the statutes) when it reduced its capital. Thereafter, it increased its capital, but not to the full extent of the original increase. In the body of its opinion, the court observed: "We think that the plaintiff's second proposition is meritorious, and that a corporation is required to pay the fee for filing articles of incorporation and issuing certificate of incorporation on the capital stock authorized but once; and when, as in this ease, the plaintiff paid the fee for the issuance of capital stock in the sum of $80,000,000.00, until it has exceeded that amount in the issuance of its capital stock, no further fee shall be required. The Supreme Court of Pennsylvania, in Commonwealth v. Independence Trust Co.,223 Pa. 93, 81 A. 938, construed a statute of that state similar to ours for fixing the amount of fee or `bonus', as they called it, required to be paid by a corporation upon its incorporation. It was contended in that case by the corporation that the actual increase of stock upon which the bonus was to be paid was $1,000,000.00, and the Commonwealth claimed that it was $2,000,000.00. The company was originally incorporated for $1,000,000.00, on which the fee was fully paid. "Subsequently the capital stock was decreased to $75,000.00, but at a later date there was a reorganization of the company and the stock was increased to $2,000,000.00. The Commonwealth had received a fee, or bonus, on $1,000,000.00. In that case the court held that there was a total capital of $2,000,000.00, and that since the fee had been paid on $1,000,000.00, the company would be required to pay the bonus only on additional capital stock of $1,000,000.00; and said that when an incorporating company pays a bonus or fee, as here, upon the amount of its original capital and upon any subsequent increases thereof, the requirements of the law have been satisfied, and that the burden is always on the Commonwealth to establish the necessary facts to sustain a claim for damages." Accordingly, it is the opinion of the Attorney General that your Question No. 2 must be answered in the affirmative in that a domesticated corporation which has amended its articles to authorize the issuance of additional stock and to increase its authorized capital may apply against the additional fees required to be paid under 28 O.S. 111 [28-111](b) (1961) a surplus of fees previously paid on the basis of capital invested in the state or on the basis of previous capitalization, as the case may be. (Carl G. Engling)